The PETITION TO SET ASIDE the NOMINATION OF Kathleen M. FITZPATRICK as a Democratic Candidate for the Office of Councilperson for the Seventh Councilmatic District of the City of Philadelphia.

Objection of Candido Silva, Barbara Stuhl, Eileen Miller, Chester Zalenski and Walter de Truex, Jr.

Appeal of Kathleen M. Fitzpatrick.

Commonwealth Court of Pennsylvania.

Argued April 30, 2003.
Decided May 1, 2003.

Ralph J. Teti, Philadelphia, for appellant.

Ira B. Shrager, Philadelphia, for appellees.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and MIRARCHI, JR., Senior Judge.

## OPINION BY JUDGE FRIEDMAN.

Candido Silva, Barbara Stuhl, Eileen Miller, Chester Zalenski and Walter de Truex, Jr. (collectively, Objectors) appeal from the order of the Court of Common Pleas of Philadelphia County (trial court) denying their petition to set aside Kathleen M. Fitzpatrick's (Fitzpatrick) Nomination Petition as a Democratic Candidate for the office of Councilperson for the Seventh Councilmanic District of the City of Philadelphia (Nomination Petition). We affirm.

Fitzpatrick filed a Nomination Petition containing 1,454 signatures, needing only 750 signatures in order to have her name placed on the May 20, 2003, primary ballot. Objectors filed their petition, and the trial court held an evidentiary hearing. After the hearing, the number of signatures on the Nomination Petition was reduced to 744; because the Nomination Petition lacked the requisite 750 signatures, the trial court issued an order setting aside the Nomination Petition.

Fitzpatrick appealed to this court, arguing that the trial court abused its discretion in striking thirteen signatures, due to the use of ditto marks, without considering Fitzpatrick's offer of proof that: (1) Fitzpatrick personally circulated her Nomination Petition to the thirteen signers at the Golden Slipper Jewish Home for the Aged; (2) all of the signers resided at the Golden Slipper Jewish Home for the Aged; (3) all of the signers were either in wheel chairs, bed-ridden, or on stretchers due to physical disabilities; and (4) all of the signers were retired. Because federal law mandates that the voting rights of the disabled are to be preserved and facilitated, we

agreed with Fitzpatrick and remanded the case for consideration of evidence relating to Fitzpatrick's offer of proof.

 On remand, the trial court heard testimony and made the following findings of fact.

1. Kathleen Fitzpatrick personally went to the Golden Slipper Jewish Home for the Aged on March 4, 2003 to obtain signatures for her Nomination Petition.

2. She met with Rosemary Mauer the administrator of the [facility] who explained to her that there were restrictions on soliciting within the home.

3. However she was permitted to leave page 39 of the Nomination Petition which was then given to Delores Smith, the director of Recreation Activities at the Golden Slipper Home.

4. Ms. Smith obtained 16 signatures, including her own, after explaining individually to each resident what the petition was. (It was agreed that signature # 4 was that of Delores Smith who lived out of district and therefore must be stricken.)

5. [Through] Ms. Smith's testimony, this Court learned that the average age of a resident at the Golden Slipper Home was 85.

6. The Golden Slipper Home is a skilled nursing facility in which all residents require assisted living.

7. Having worked at the Golden Slipper home for 4 years on a day to day basis, Ms. Smith is familiar with the residents who signed the Fitzpatrick petition.

8. From her day to day contact with these people, Ms. Smith knew that they would have problems in writing their address and occupation within the narrow space provided in the petition.

9. Ms. Smith testified and this Court took notice of the obvious difficulty that many signers had in writing their name[s] within the space provided.

10. The Court accepts the validity of the 12 of the 13 signatures at issue.

Based on these findings, the trial court denied the Objectors' petition to set aside Fitzpatrick's Nomination Petition. The Objectors' now appeal to this court.[1]

 The Objectors argue that the trial court erred in denying their petition to set aside Fitzpatrick's Nomination Petition because: (1) Fitzpatrick did not actually circulate the Nomination Petition at the Golden Slipper Jewish Home for the Aged;[2] (2) Smith, a non-resident of the district, circulated the Nomination Petition;[3] (3) the circulator affidavit is

---

1. Our scope of review is limited to whether the findings of fact are supported by substantial evidence, whether there was an abuse of discretion or whether errors of law were committed. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001). In reviewing the trial court's determination, we keep in mind that the Election Code must be liberally construed to protect a candidate's right to run for office and the voters' rights to elect the candidate of their choice. *Id.* A party alleging defects in a nominating petition has the burden of proving those defects. *Id.* Where a court is not convinced that challenged signatures are other than genuine, the challenge is to be resolved in favor of the candidate. *Id.*

2. Under *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001), a circulator must be present at the time signatures are obtained.

3. Section 909 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2869, requires that a circulator be a qualified elector duly registered and enrolled as a member of the political district referred to in the petition. However, in *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D.Pa.2002), the U.S. District Court held that this residency requirement is unconstitutional. The court stated that the requirement severely burdens protected First Amend-

false;[4] and (4) the signers were not disabled *per se* and did not request accommodation. However, the Objectors failed to raise these issues within seven days of the last day for filing a nomination petition, as required by section 977 of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937. Therefore, these matters are waived.

The Objectors also argue that the signers did not complete the required information in accordance with section 908 of the Election Code, 25 P.S. § 2868. However, as indicated above, federal law mandates that the rights of the disabled be preserved and facilitated. *See Dipietrae v. City of Philadelphia,* 666 A.2d 1132 (Pa. Cmwlth.1995).

Here, the trial court found that: (1) the average age of a resident at the Golden Slipper Jewish Home for the Aged is eighty-five years old, (Findings of Fact, No. 5); (2) the Golden Slipper Jewish Home for the Aged is a "skilled nursing facility"[5] in which *all* residents require assisted living, (Findings of Fact, No. 6); (3) Smith, being familiar with the signers, knew that they would have problems writing their addresses and occupations on the Nomination Petition, (Findings of Fact, Nos. 7–8); and (4) it was obviously difficult for many signers to write their own names on the Nomination Petition, (Findings of Fact, No. 9). These findings support the trial court's conclusion that the signers required assistance "so as not to disenfran-

chise them from the electoral process." (Conclusion of Law, No. 5.)

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of May, 2003, the order of the Court of Common Pleas of Philadelphia County (trial court), dated April 16, 2003, is hereby affirmed.

---

4. If a court finds that any accompanying affidavit contains a material defect or error, the nomination petition shall be set aside. Section 977 of the Election Code, 25 P.S. § 2937.

ment rights of free political expression and association, and the requirement is not narrowly tailored to serve a compelling state interest. *Id.*

5. A "skilled nursing facility" is an institution for individuals who require nursing care and related medical and health services because of age, illness, disease, injury, convalescence or physical or mental infirmity. *See* 28 Pa. Code § 301.2; 28 Pa.Code § 401.2; 37 Pa. Code § 197.81.