**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2227

CHUCK BALDWIN; DARRELL R. CASTLE;
WESLEY THOMPSON; JAMES E. PANYARD AND
THE  CONSTITUTION PARTY OF PENNSYLVANIA,

Appellant

v.

PEDRO A. CORTES, Secretary of the Commonwealth of Pennsylvania,
in his official capacity

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-08-cv-01626)
District Judge:  Honorable Yvette Kane

Submitted under Third Circuit LAR 34.1(a)
on November 10, 2009

Before:  AMBRO, GARTH and ROTH, <u>Circuit Judges</u>

(Opinion filed : May 6, 2010 )

O P I N I O N

**ROTH,** Circuit Judge:

Plaintiffs appeal the denial of declaratory and injunctive relief by the District Court, which declined to order Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania, to include plaintiffs' names on the November 2008 presidential election ballot. We will affirm.

**I.**

The Constitution Party is an alternative political party. In 2008, it nominated Chuck Baldwin and Darrell Castle as its candidates for President and Vice President of the United States, respectively.[1] Because the Constitution Party is a "political body" rather than a "political party," as those terms are defined by Pennsylvania state law, it is not entitled to nominate its candidates through Pennsylvania's primary process. Its candidates must file nomination papers in order for their names to appear on the general election ballot. See 25 P.S. § 2831.[2]

The nomination papers must contain a number of signatures equal to two percent of the largest vote cast for any elected statewide candidate at the previous election. 25 P.S. § 2911(b). The parties agree that, for the 2008 election, the number of signatures

---

[1] Appellants Wesley Thompson and James E. Panyard are members of the Constitution Party and supported the Baldwin/Castle ticket in 2008. The complaint alleged that they intended to vote for Baldwin/Castle. Compl. ¶ 12.

[2] Pennsylvania law further classifies some political parties as "minor political parties" based on voter registration. See 25 P.S. § 2872.2(a). Like those of political bodies, candidates of minor political parties must file nomination papers in order to appear on Pennsylvania's election ballot. See id.

needed to be placed on the ballot for President and Vice-President was 24,666. Compl. ¶ 17; Appellee Br. 8.

By statute, the deadline for filing nomination papers with the required signatures is set for the "second Friday subsequent to the primary." 25 P.S. § 2913(b). In 2008, this date was May 2. However, pursuant to two consent decrees entered in federal court in 1984, the deadline was extended to August 1.[3] App. 106, 108.

On August 1, 2008, the Constitution Party submitted nominating papers containing 21,957 signatures. The papers were rejected by Pennsylvania's Department of State as containing too few signatures. On August 26, 2008, the Constitution Party attempted to submit approximately 8,000 additional signatures, but the Department of State declined to accept the filing because the August 1 deadline had passed.

The Constitution Party, together with Baldwin, Castle, Thompson and Panyard, filed a complaint and motion for preliminary injunction in the U.S. District Court for the Middle District of Pennsylvania on August 29, 2008. The complaint named as the defendant Pedro Cortes, Secretary of the Commonwealth of Pennsylvania, and alleged that the August 1 deadline violated the U.S. Constitution because it was established by the Secretary pursuant to the consent decrees, rather than by Pennsylvania's legislature. Compl. ¶ 26.

---

[3]The cases resulting in the consent decrees were Hall v. Davis, No. 84-1057 (E. D. Pa. June 14, 1984), and Libertarian Party of Pennsylvania v. Davis, No. 84-0262 (M. D. Pa. June 13, 1984).

The District Court held a hearing on the motion for preliminary injunction on September 10, 2008. Finding that the plaintiffs had not demonstrated a "likelihood of success on the merits," the District Court denied the motion on September 12, 2008.

The plaintiffs filed a notice of appeal on October 3. The 2008 elections were duly held without the Constitution Party's candidates on the general election ballot. The plaintiffs then filed a motion in this court on December 8 to voluntarily dismiss the appeal. We granted the motion and dismissed the appeal pursuant to Fed. R. App. P. 42.

Upon return to the District Court, the parties submitted a stipulation by which the District Court's order denying the motion for preliminary injunction was converted to an entry of final judgment on March 24, 2009. The plaintiffs filed a renewed notice of appeal.

## II.

We first address whether the appeal is moot in light of the completion of the 2008 elections. Although the parties agree that it is not moot, we must nevertheless address the issue to ensure that we have jurisdiction. See Whiting v. Krassner, 391 F.3d 540, 544 (3d Cir. 2004) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Obviously the passage of the 2008 elections has made it impossible for appellants to receive the relief originally sought – placement of their candidates' names on the 2008 general election ballot.

A well-established exception to the mootness doctrine holds that we have

4

jurisdiction to decide technically moot cases which are "capable of repetition, yet evading review." Rendell v. Rumsfeld, 484 F.3d 236, 241 (3d Cir. 2007). The exception applies when "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

This case meets both criteria. The procedural history of the case demonstrates that it could not have been fully litigated before the 2008 elections, which took place on November 4. The appellants did voluntarily dismiss their earlier appeal from the District Court's denial of their motion for preliminary injunction, but only after the election date had already passed without resolution of the appeal. Moreover, because the August 1 deadline remains in place and has been administered by the Secretary for every election since the entry of the 1984 consent decrees, it is entirely likely that appellants will be subject to it in future election cycles, creating the same controversy that took place in the most recent one. The instant appeal thus presents a case which is "capable of repetition, yet evading review." We have jurisdiction to decide it.

**III.**

The Constitution provides that each state shall choose presidential electors "in such Manner as the Legislature thereof may direct." U.S. Const. art. II., § 1, cl. 2. See McPherson v. Blacker, 146 U.S. 1, 27 (1892) (noting the Constitution "leaves it to the

5

legislature exclusively to define the method" of appointing presidential electors). As noted above, the statutory deadline for filing nomination papers is "the second Friday subsequent to the primary," 25 P.S. § 2913(b), and in 2008 that date was May 2. Appellants argue that, because state legislatures have exclusive authority to determine the manner by which electors are chosen, the Secretary of the Commonwealth violated the Constitution by agreeing to the August 1 deadline in 1984 and enforcing it against the appellants in 2008.

There is no authority to support appellants' position. Appellants rely primarily on Libertarian Party of Ohio v. Brunner, 567 F. Supp. 2d 1006 (S. D. Ohio 2008). Brunner is not binding precedent, and we do not find it persuasive in light of the significant differences between it and the case at bar.

Unlike the Ohio Secretary of State in Brunner, here the Secretary of the Commonwealth promulgated no new rule. Instead, the Secretary merely enforced a rule that had been in place by court-approved consent decree since 1984. In Brunner, the Ohio Secretary of State crafted an entirely new election-law regime to fill the void left by the Sixth Circuit's ruling in Libertarian Party of Ohio v. Blackwell, 462 F.3d 579 (6th Cir. 2006); here, the Secretary of the Commonwealth simply applied the nearly 25-year-old August 1 deadline. The Secretary performed his duty as an executive officer by applying a rule that had become well established by 2008. It cannot fairly be said that, in doing so, the Secretary acted in a legislative capacity or in any way usurped the legislature's

6

authority. Thus Brunner, even if legally correct on its own facts, is materially dissimilar from the instant case.

To the extent that appellants argue that the unconstitutional act was the Secretary's 1984 entry into the consent decrees itself, the argument fails in light of the Pennsylvania legislature's explicit delegation of authority to the Secretary of the Commonwealth to administer the state election scheme. See 25 P.S. § 2621. The appellants have not demonstrated that the Secretary's agreement to the consent decrees exceeded his statutory delegated authority – particularly since the Pennsylvania Legislature has seen no need to exercise what power it has (if any) to alter the deadline imposed by decree.

Nor can appellants draw support from Bush v. Gore, 531 U.S. 98 (2000). The majority per curiam opinion in Bush found that the recount ordered by the Florida Supreme Court violated the Equal Protection Clause of the Fourteenth Amendment. Appellants point to Chief Justice Rehnquist's concurring opinion, which discussed Art. II, § 1, cl. 2, and emphasized the state legislature's exclusive authority to define the method of appointment of presidential electors. But it did so in order to express doubt regarding the constitutional validity of the Florida Supreme Court's recount order; it did not address (let alone curtail) the state legislature's authority to delegate administrative authority to an executive officer. In fact, Chief Justice Rehnquist's concurrence noted with apparent approval the Florida legislature's decision to "delegate[] the authority to run the elections and to oversee election disputes to the Secretary of State." Id. at 113-14. Nothing in

Bush v. Gore suggests that the Secretary of the Commonwealth was powerless either to adopt or to enforce the August 1 deadline.

Finally, the Secretary aptly points out the self-defeating nature of appellants' argument. The challenged action *extended* the time in which to submit a valid petition with sufficient signatures, opening ballot access rather than restricting it. Plaintiffs now seek relief that would make the nomination process more onerous for themselves and for other candidates from minor political parties. We do not perceive any legal support for this position. The District Court's order of September 12, 2008, and its judgment of March 24, 2009, will be affirmed.