ELD-023-E                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2103
_____

IN RE:  MEL M. MARIN,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-14-cv-00669)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

Before:  AMBRO, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 14, 2014)

_____

OPINION
_____

PER CURIAM

Mel A. Marin was a candidate for the United States Congress in Pennsylvania's

Third Congressional District.  The registered Democratic Elector of that district filed an

action in the Commonwealth Court of Pennsylvania objecting to Marin's nomination

petition on the ground that certain of his signatures were invalid under state law.  The

Commonwealth Court ultimately agreed and set aside Marin's nomination petition.

Before the Commonwealth Court ruled, Marin purported to remove the action to

federal court.  The District Court later remanded it to state court under 28 U.S.C. § 1447(c) after concluding that it lacked subject matter jurisdiction.  Marin then filed the present mandamus petition seeking an order directing the District Court to exercise jurisdiction and grant relief on the merits.  We will deny the petition.

Because the District Court remanded the action for lack of subject matter jurisdiction, its remand order is "not reviewable on appeal or otherwise" unless the action falls within certain exceptions.  28 U.S.C. § 1447(d); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996).  This prohibition on review applies to mandamus petitions.  See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976); In re Federal-Mogul Global, Inc., 300 F.3d 368, 388 (3d Cir. 2002).

Marin argues that this prohibition does not apply because § 1447(d) excepts actions removed under 28 U.S.C. § 1443.  This argument lacks merit for two reasons.  First, Marin purported to remove this action under 28 U.S.C. § 1441 on the basis of federal question jurisdiction, and his notice of removal did not mention § 1443.

Second, this action does not constitute a "civil rights action" within the meaning of either of the two narrow subsections of § 1443.  See 28 U.S.C. § 1443(1) and (2).  The first subsection applies only when the state-court defendant (1) is being deprived of rights guaranteed by a federal law "'stated in terms of racial equality,'" and (2) is being denied or cannot enforce those rights in state court.  Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  "[T]he second subsection . . . confers a privilege of removal only upon federal officers or agents and

2

those authorized to act with them" in executing certain duties. City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). The Elector's challenge to Marin's nomination petition does not implicate either subsection.

Marin argues that this action nevertheless qualifies because he asserted "compulsory counterclaims" for the denial of equal protection in his brief before the District Court. Even assuming that such claims were before the District Court and are relevant for present purposes, however, Marin has not shown that these claims fall within the narrow exception created by § 1443. Marin's equal protection challenge is largely unspecified, but he has not claimed that it relates to his rights to racial equality under a federal law that cannot be enforced in Pennsylvania or otherwise attempted to explain how it qualifies.

Marin also requests that we award him relief on the merits in the first instance by, inter alia, directing the placement of his name on the ballot. We have no independent jurisdictional basis to do so. See 28 U.S.C. § 1651(a); see also United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining [a mandamus petition] . . . we must identify a jurisdiction that the issuance of the writ might assist.").

Finally, after he filed his mandamus petition, Marin sought reconsideration of the District Court's remand order and the District Court denied it. Because we lack jurisdiction to review the underlying remand order, we also would lack jurisdiction to review the District Court's order denying reconsideration. See Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013). For these reasons, we will deny the petition.

3