**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3044
_____

MEL M. MARIN,
                                        Appellant

v.

THE SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-15-cv-01550)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 8, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Mel Marin appeals from the District Court's order granting the Secretary of the Commonwealth of Pennsylvania (the Secretary) and the Commonwealth Bureau of Elections' (the Bureau) motion to dismiss his First Amended Complaint filed under 42 U.S.C. § 1983. We will affirm.

I.

Mel A. Marin is a frequent pro se litigator in this Court, and in other state and federal courts across the country. This action arises out of Marin's failed 2014 bid to become the Democratic Party nominee for Pennsylvania's Third Congressional District. In early 2014, Charles Rice, a county chairman, filed an action in the Pennsylvania Commonwealth Court seeking to set aside Marin's nomination petition on the ground that many of his signatures were invalid. The Commonwealth Court agreed, and ordered then-Secretary Carol Aichele to set aside Marin's nomination petition.[1] A week before the Commonwealth Court issued its order, however, Marin filed a notice of removal to the United States District Court for the Middle District of Pennsylvania (M.D. Pa. No. 14-cv-00669). The district court there concluded that it lacked subject matter jurisdiction,[2] and sua sponte remanded the matter to the Commonwealth Court. The district court denied Marin's motion for reconsideration, and we later denied Marin's

_____

[1] See In re Petition of Mel M. Marin for the Democratic Nomination for Member of Cong. in the 3rd Cong. Dist., 174 MD 2014 (Pa. Commw. Ct. Apr. 14, 2014). The Commonwealth Court found that Marin failed to obtain the required 1,000 signatures for nomination because, among other reasons, Marin completed the address and date lines for many of the signatures.

[2] The district court found that the action "involve[d] the application of Pennsylvania state election and evidentiary laws."

2

mandamus petition, observing that the district court's "remand order is not reviewable on appeal or otherwise." In re Marin, 567 F. App'x 67, 67 (3d Cir. 2014) (internal quotation marks omitted). Marin also appealed the Commonwealth Court's order to the Pennsylvania Supreme Court, which granted Rice's application to dismiss, and the United States Supreme Court, which denied certiorari.

Marin initiated this action in 2015, filing a nine-count First Amended Complaint against the Secretary and the Bureau,[3] seeking declaratory and injunctive relief, in addition to damages, arising from his failed 2014 Congressional bid. He also alleged that he submitted a complaint to the Secretary in June 2015, claiming that various county election offices had refused to provide him with voter lists without charge. Marin alleged that the Secretary retaliated against him for filing the complaint by (1) denying Marin's 2016 Congressional fee-waiver-request, and (2) directing the Crawford County Elections Bureau to deny him voter lists.

The District Court, over Marin's objections, granted Defendants' motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint under Rule 12(b)(6) de novo and ask whether it has "sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on [its] face." Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S.

---

[3] Marin initially named a number of other defendants, including Rice, but later voluntarily dismissed them.

662, 678 (2009)).  And we "may affirm a result reached by the district court on different reasons, as long as the record supports the judgment."  Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

Marin's claims against the Bureau are barred by the Eleventh Amendment, which "has been interpreted to make states [and state agencies] generally immune from suit by private parties in federal court," with exceptions not relevant here.  MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001).  For the reasons that follow, Marin's individual-capacity claims against the Secretary, though not barred by the Eleventh Amendment, see Hafer v. Melo, 502 U.S. 21, 31 (1991), were properly dismissed by the District Court.[4]

Marin argues that the District Court improperly dismissed his retaliation claim against the Secretary, citing Andreoli v. Gates, 482 F.3d 641, 650 (3d Cir. 2007),[5] for the proposition that "whether or not there was causation . . . is a jury question."  A causal connection in a First Amendment retaliation claim can be shown by "either (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."  Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).  The District Court

---

[4] We will address only the issues that Marin presented in his opening brief.  Any issues not so presented are waived.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

[5] In Andreoli, 482 F.3d at 650, we affirmed the district court's award of summary judgment on a Title VII retaliation claim, concluding that the plaintiff failed to establish a causal connection, and that the "timing, standing alone," was not sufficiently "suggestive."

properly determined that Marin's complaint lacked well-pleaded facts to show such a connection.

Marin alleged that the Secretary refused to waive his 2016 Congressional filing fee, and did so because Marin submitted a June 12, 2015, complaint about county election offices. But he has not alleged when, or how, the Secretary denied the fee waiver – the alleged retaliatory act. He has similarly failed to provide any degree of particularity with respect to his allegation that the Secretary directed the Crawford County Elections Bureau to not provide him voter lists. And he has not alleged a "pattern of antagonism" that might otherwise suggest a causal connection. In other words, he has pleaded facts that would permit the court to infer only "the mere possibility of misconduct," but has not plausibly suggested – as he must do to survive Defendants' motion – that he is entitled to relief. Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).[6]

He additionally asked the District Court to enjoin the Secretary from (1) refusing to waive future Congressional candidate filing fees, and (2) refusing to provide him voter lists without charge. The District Court properly concluded that such requests were not ripe for adjudication because Marin's future candidacy for Congress is "contingent

---

[6] Marin also sought damages against former-Secretary Aichele for complying with the Commonwealth Court's order to set aside his nomination petition. The District Court properly dismissed this claim because Aichele was neither named nor served in this action. Marin does not appear to contest this dismissal on appeal, and in any event, Aichele would be entitled to absolute immunity. See Valdez v. City & Cty. of Denver, 878 F.2d 1285, 1290 (10th Cir. 1989) (doctrine extends to "action . . . taken under the direction of a state court judge").

[upon] future event that may not occur as anticipated, or indeed may not occur at all."[7] Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

Finally, Marin challenges the District Court's refusal to issue various declaratory judgments. He asked the District Court to declare that various portions of Pennsylvania's Election Code were unconstitutional, and the District Court properly denied these requests because he failed to state a plausible claim that any of the challenged statutes were constitutionally infirm.[8] Iqbal, 556 U.S. at 678; see also Anderson v. Celebrezze, 460 U.S. 780, 788 (1983) ("We have recognized that, as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest . . . To achieve these necessary objectives, States have enacted comprehensive and sometimes complex election codes . . . Nevertheless, the state's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions.") (internal quotation marks and citations omitted).

---

[7] Marin is currently a resident of Ohio, and thus ineligible to run for Congress in Pennsylvania. See U.S. Const. art. I, § 2, cl. 2.

[8] He challenged, at Count Four, a non-existent local residency requirement contained in 25 Pa. Const. Stat. § 2937. At Count Three, he challenged 25 Pa. Cons. Stat. § 2868 to the extent that it required nominators to print their name and address in their own hand, on the ground that it substantially burdens disabled voters. But the Commonwealth Court has recognized that "federal law mandates that the rights of the disabled be preserved and facilitated" in the electoral process, and has interpreted § 2868 accordingly. See In re Petition to Set Aside Nomination of Fitzpatrick, 822 A.2d 867, 870 (Pa. Commw. Ct. 2003) (declining to set aside signatures of elderly voters who used "ditto" for some of their personal information). At Count Two, he challenged 25 Pa. Cons. Stat. § 2913(b) to the extent that it imposed a 21-day period for filing nomination papers, on the ground that it was "impossible" to collect 1,000 signatures in that period. But two consent decrees entered in federal court have effectively extended this period by 90 days. See Baldwin v. Cortes, 378 F. App'x 135, 137 (3d Cir. 2010) (explaining the deadline extension).

Marin also sought two declaratory judgments related to the Commonwealth Court's 2014 order setting aside his nomination petition – one to void that order, on the ground that the Commonwealth Court lacked jurisdiction to enter the order after he filed a notice of removal to the district court, and the other to declare that the particular procedures employed by the Commonwealth Court in resolving the challenge to his petition denied him "fundamental federal trial rights."[9] Even putting aside Rooker-Feldman and preclusion problems that may arise from such requests,[10] he has not stated a plausible claim to relief – due process or otherwise. Iqbal, 556 U.S. at 678.

As to his first request, the Commonwealth Court has exclusive jurisdiction over actions "relating to elections . . . or [] election procedures," 42 Pa. Cons. Stat. § 762(a)(4)(i)(C), and the district court properly determined that it lacked subject matter jurisdiction to entertain his removal petition. See In re Marin, 567 F. App'x at 67. Second, procedural due process generally requires that the deprivation of a protected interest "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Goss v. Lopez, 419 U.S. 565, 579 (1975) (internal quotation marks and citation omitted). It is clear that the Commonwealth Court afforded him appropriate

---

[9] He alleged, among other things that he was denied discovery, an opportunity to cross-examine Rice, and a jury trial.

[10] The Rooker-Feldman doctrine would bar any attempt to "appeal" the Commonwealth Court's judgment to a lower federal court. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (doctrine bars "cases brought by state court losers complaining of injuries caused by a state court judgment rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments"). And preclusion doctrines would prevent "relitigation of [any] matter that has been litigated and decided," and also "litigation of a matter that never has been litigated, [but] . . . should have been advanced in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

process in resolving the challenge to his petition – it permitted him to testify in support of his petition, and to cross-examine a handwriting expert who testified in support of Rice's objection. See id. at 579 ("The fundamental requisite of due process of law is the opportunity to be heard."). Ultimately, Marin conceded that he had completed the address and date lines for many of the signatures, and the Commonwealth Court found them invalid because he presented "no credible testimony concerning the physical condition of the signers," i.e., that they were unable to complete the information in their own hand.

Accordingly, we will affirm the judgment of the District Court.