**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2265
_____

UNITED STATES VIRGIN ISLANDS DEPARTMENT OF
PLANNING AND NATURAL RESOURCES,
Appellant

v.

ST. CROIX RENAISSANCE GROUP*, L.L.L.P.; CENTURY ALUMINA COMPANY;
VIRGIN ISLANDS ALUMINA COMPANY; LOCKHEED MARTIN CORPORATION;
ST. CROIX ALUMINA L.L.C*.; ALCOA WORLD ALUMINA, LLC*;
HOVENSA LLC; HOVIC HOVENSA LLC; VI PORT AUTHORITY;
VI WASTE MANAGEMENT AUTHORITY

(*Dismissed in USCA per Clerk's order of 4/9/12)
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 07-cv-0114)
District Judge: Hon. Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2013

BEFORE: McKEE, *Chief Judge*, SCIRICA and VANASKIE, *Circuit Judges*.

(Filed: June 5, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*.

United States Virgin Islands Department of Planning and Natural Resources ("DPNR") appeals the District Court's grant of summary judgment to defendants in DPNR's suit under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.[1]

## I.

As we write only for the parties who are familiar with this case, we will recite only the facts and procedural history relevant to our conclusion.

To prove its claim for response costs under CERCLA, DPNR must establish the following four elements: (1) the alumina refinery at issue is a facility within the meaning of CERCLA; (2) there has been a release or threatened release of a hazardous substance from the facility; (3) the release or threatened release has required DPNR to incur response costs; and (4) the defendant is a potentially responsible party under CERCLA. *See* 42 U.S.C. § 9607(a); *see also United States v. Alcan Aluminum*, 964 F.2d 252, 258-59 (3d Cir. 1992). For the purposes of summary judgment, the only disputed issue is whether DPNR has incurred response costs.

CERCLA provides that any responsible party "shall be liable for all costs of removal or remedial action *incurred* by the United States Government or a State or Indian Tribe not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A)

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's summary judgment ruling. *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 81 (3d Cir. 2012).

(emphasis added). DPNR submits that it has incurred three items of recoverable response costs: (1) $4,790.36 paid directly by DPNR to S.S. Papadopulos & Associates on September 20, 2010 for water sampling and laboratory fees of water samples collected from the alumina refinery property; (2) salaries of employees who purportedly devoted over 4,000 hours responding to contamination on the property; and (3) $61,519.67 advanced by counsel for sampling, laboratory analysis, and site visits. The District Court granted summary judgment to defendants after concluding that none of these items qualified as "incurred response costs" recoverable under CERCLA.

We agree that the first item cannot serve as the basis for an action under CERCLA because it was not incurred before a lawsuit was initiated. *See* 42 U.S.C. § 9613(g)(2) (providing that an action may be commenced "for recovery of costs at any time *after such costs have been incurred*") (emphasis added). We also agree that the second item is not a qualified response cost because, as DPNR itself concedes, DPNR did not maintain adequate records of those expenses. *See* 40 C.F.R. § 300.160(a)(1) (requiring an "accurate accounting" of costs for recovery under CERCLA). However, the District Court erred in concluding that the third item does not qualify as a recoverable response cost under CERCLA as a matter of law.

## II.

The District Court concluded that the $61,519.67 advanced by counsel for sampling, laboratory analyses, and site visits (at least some of which were incurred prior to the start of the litigation) does not qualify as an incurred response cost because, under the Professional Services Contract ("PSC") between DPNR and its counsel, DPNR has

3

no legal obligation to reimburse those expenses. However, there is at least a genuine issue as to the proper interpretation of DPNR's obligation under the PSC. Drawing reasonable inferences in the light most favorable to DPNR, a reasonable jury could conclude that DPNR was obligated to reimburse the advanced costs.

Under the PSC, attorneys' fees are entirely contingent on recovery in the litigation. However, DPNR is obligated to reimburse costs and expenses even if no recovery is obtained. The PSC provides:

> [T]he Government agrees to pay any expenses advanced by [counsel] . . ., *even though it may recover nothing*, within sixty (60) days of . . . terminati[on of] the litigation subject to the availability and appropriation of funds. Costs remaining unreimbursed after such period shall bear interest at the legal rate of interest then effective in the Territory.

A422 (PSC at 4) (emphasis added). The District Court interpreted this language to mean that DPNR is not obligated to reimburse costs unless and until an appropriation has been made by the Virgin Islands legislature, but the legislature was under no obligation to appropriate funds and had not done so.

However, DPNR argues that the clause "subject to the availability and appropriation of funds" appears immediately after and modifies only DPNR's 60-day obligation. "The doctrine of last antecedent teaches that qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding and not to others more remote." *United States v. Hodge*, 321 F.3d 429, 436 (3d Cir. 2003) (internal quotation marks omitted). The District Court's interpretation, however, would read the "subject to the availability and appropriation of funds" clause to modify the more

4

remotely stated governmental obligation to pay. While this interpretive doctrine may be overcome by other indicia of meaning, defendants have not yet identified any such indicia. A reasonable jury could certainly conclude that, under the terms of the PSR, DPNR was obligated to reimburse the advanced costs, irrespective of whether funds have been appropriated.[2]

The District Court's conclusion that DPNR had not incurred response costs led directly to the court's denial of DPNR's claim for a declaratory judgment of defendants' liability to pay future response costs. However, because we now hold that a jury may conclude that DPNR *has* incurred response costs, we need not reach the question of whether the absence of incurred response costs precludes a plaintiff from obtaining a declaratory judgment as to liability for future response costs.

## II.

For the reasons set forth above, we will vacate the order of the District Court granting defendants' motion for summary judgment and remand for further proceedings.

---

[2] The District Court cites to *Trimble v. Asarco*, 232 F.3d 946 (8th Cir. 2000), as support for its conclusion, but that case is clearly distinguishable. Under the terms of the contract in *Trimble*, there was no question that the obligation to pay costs was contingent upon success of the lawsuit.