# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS | **Plaintiff** ) | CASE NO. SX-17-CV-0000261 |
| | ) | ACTION FOR: DECLARATORY JUDGMENT |
| | ) | |
| | VS ) | |
| JOHN K. DEMA, P.C. | ) | |
| | ) | |

**Defendant**

# NOTICE OF ENTRY OF MEMORANDUM OPINION AND ORDER

TO:  CAROL THOMAS JACOBS, ESQ.
ANDREW L. CAPDEVILLE, ESQ.
KURT F. GWYNNE, ESQ.
JUDGES & MAGISTRATES
LAW CLERKS & LAW LIBRARY
IT DIVISION & RECORD BOOK

Please take notice that on January 27, 2020 a(n) MEMORANDUM OPINION AND ORDER  dated January 24, 2020    was entered by the Clerk in the above-entitled matter.

Dated: January 27, 2020

Estrella H. George
Clerk of the Court

TISHA LAURENCIN-ORTIZ
COURT CLERK II

FOR OFFICIAL PUBLICATON

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) | CASE NO. SX-17-CV-261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN K. DEMA, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Cite as: 2020 VI Super 19

**Appearances:**

**CAROL THOMAS JACOBS, ESQ.**
Assistant Attorney General
Virgin Islands Department of Justice
St. Thomas, VI 00804
*For Plaintiff*

**ANDREW L. CAPDEVILLE, ESQ.**
Law Offices of Andrew L. Capdeville, P.A.
St. Thomas, VI 00804
*For Defendant*

**KURT F. GWYNNE, ESQ.** (*pro hac vice*)
Reed Smith LLP
Wilmington, DE 19801
*For Defendant*

## MEMORANDUM OPINION

**MOLLOY,** *Judge*

¶1     **THIS MATTER** is before the Court further to supplemental briefing the parties submitted in response to an order questioning whether the Superior Court of the Virgin Islands has jurisdiction over this matter. For the reasons stated below, the Court concludes that District Court of the Virgin Islands, Bankruptcy Division ("Bankruptcy Court") retains jurisdiction over the arbitration between the Defendant, John K. Dema, P.C. ("JKDPC"), and the Plaintiff, the Government of the Virgin Islands ("Government"). Accordingly, this matter must be dismissed for lack of jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2    The Government of the Virgin Islands, Department of Property and Procurement, on behalf of the Department of Justice, contracted with JKDPC in 2004 to provide legal services on a contingency fee basis related to the contamination of the Territory's natural resources along the industrial area of St. Croix's south shore. The contract authorized payment of JKDPC's contingency fee out of any "recovery or settlement monies" the Government might receive. (Prof'l Servs Contract ¶ 3, *attached as* Ex. C. to Compl., filed June 14, 2017.) Several lawsuits, referred to hereinafter as the "South Shore Litigation," were filed in the Superior Court of the Virgin Islands and the District Court of the Virgin Islands. The South Shore Litigation stretched on for several years. *Cf. Comm'r of the Dep't of Planning & Nat. Res. v. Century Aluminum Co.*, Civil No. 05-62, 2010 U.S. Dist. LEXIS 866 (D.V.I. Jan. 5, 2010); *see also U.S.V.I. Dep't of Planning & Nat. Res. v. St. Croix Renaissance Group, L.L.L.P.*, 527 F. App'x 212 (3d Cir. 2013).

¶3    One of the defendants named in the *Century Aluminum* lawsuit was HOVENSA, LLC ("HOVENSA"). The Government settled with HOVENSA in 2014, two-years after HOVENSA had ceased all business operations in the Territory. *Cf. Barnes v. Century Aluminum Co.*, No. 05-62, 2013 U.S. Dist. LEXIS 66054, at *15 (D.V.I. May 9, 2013) ("The announcement of the closure of the HOVENSA refinery occurred on January 18, 2012."). Under the terms of the settlement agreement, HOVENSA had to make two payments to the Government, totaling $43.5 million. The Government also obtained a security interest on HOVENSA's equipment, fixtures, and real property under the agreement.

¶4    HOVENSA made the first payment, $3.5 million, but missed the second. One reason why HOVENSA missed the second payment is because the Legislature of the Virgin Islands rejected a proposed agreement between HOVENSA and a potential buyer. (*See* Ltd. Obj. of Law Offices of John

---

[1] Because the events that led up to this case are relevant to determining jurisdiction, and because courts can look outside the pleadings when deciding questions related to jurisdiction, *cf. Gov't of the V.I. v. AFT, Local 1825*, 61 V.I. 34, 38 (Super. Ct. 2014) ("[T]he Court 'may consider affidavits and other relevant evidence outside the pleadings in determining the existence of jurisdiction[.]'" (footnoted citation omitted)), the Court relies in part on the record of the Bankruptcy Court. Courts "'may take judicial notice of the *contents* of another [c]ourt's docket.'" *Cianci v. Chaput*, 64 V.I. 682, 690 n.2 (2016) (emphasis added) (citation omitted). But more importantly, the factual background is not in dispute. Considering that background helps to frame the issue and inform the discussion. *Cf. Cornwall v. V.I. Indus. Maint. Corp.*, 2019 VI Super 117,¶ 25 ("'[M]atters outside the pleadings' matters only for "a motion under Rule 12(b)(6) or 12(c).'" (quoting V.I. R. Civ. P. 12(d)),

K. Dema, P.C. to Debtor's Mot. for Entry of Orders 7, ECF No. 300, *In re: HOVENSA, L.L.C.*, Case No. 1:15-bk-10003 (D.V.I. Nov. 5, 2015) ("On December 19, 2014, the Virgin Islands' Senate, by a vote of 13-2, rejected a proposed operating agreement with the potential purchaser, which effectively terminated the proposed sale transaction.").) Once HOVENSA missed the second payment, the Government filed a foreclosure action in the Superior Court in January 2015. (*See generally Gov't of the U.S.V.I. v. HOVENSA, LLC*, Case No. SX-15-CV-15.) But that action was stayed after HOVENSA filed a chapter 11 petition for bankruptcy on September 15, 2015, and then dismissed on January 15, 2016, by stipulation of the parties.[2]

¶5    In the interim, specifically on September 23, 2015, Attorney General Claude E. Walker terminated the professional services contract between the Government and JKDPC and "took the position that the longstanding Contract was void <u>ab initio</u> . . . ." (Arb. Award 3, Ex. B, attached to Def's Mot. to Dismiss, filed July 12, 2012.) The Attorney General also refused to arbitrate, as required by the contract, JKDPC's fee dispute. As a result, JKDPC filed a proof of claim with the Bankruptcy Court based on the 2004 contract, which had JKDPC claimed approximately $8.9 million[3] in attorney's fees and costs incurred during the South Shore Litigation. On November 5, 2015, JKDPC filed an objection in the HOVENSA bankruptcy proceeding to the proposed sale and requested that the $8.9 million be escrowed. The same day, JKDPC filed an expedited motion, requesting that the Bankruptcy Court refer the dispute between JKDPC and the Government to arbitration pursuant to the terms of their 2004 agreement.

¶6    The Bankruptcy Court heard argument on December 17, 2015, on JKDPC's motion, and initially expressed doubt whether it had jurisdiction. (*See, e.g.*, Hr'g Tr. 42:24-43:1 (Dec. 17, 2015), ECF No. 477, *In re: HOVENSA, L.L.C.*, Case No. 1:15-bk-10003 ("THE COURT: Well, first address the legal issue of why I even have jurisdiction to compel two non-debtors to go to arbitration.").) However, after hearing from JKDPC, the Government, and HOVENSA, the Bankruptcy Court concluded that "there is enough of an effect on the estate that the issue does need to be resolved," *id.* at 51:14-15, and continued the matter to another date to "have the parties talk about an

---

[2] The docket of the Superior Court action does not reflect whether the Bankruptcy Court lifted the stay to effectuate the dismissal with prejudice of the 2015 foreclosure action.

[3] All dollar amounts are rounded to the nearest hundred thousand.

acceptable order referring [the dispute] to arbitration." *Id.* at 51:16-17. By order dated January 16, 2016, entered January 20, 2016, the Bankruptcy Court granted JKDPC's motion to compel arbitration and ordered the Government and JKDPC to "arbitrate the Fee Dispute (as well as any other disputes relating to the[ir] Contract) . . . ." (Order 1, ECF No. 580, *In re: HOVENSA, L.L.C.,* Case No. 1:15-bk-10003 (D.V.I. Bankr. Jan. 20, 2016) (hereinafter "Jan. 16, 2016 Order").) The Bankruptcy Court also "retain[ed] jurisdiction with respect to all matters arising from or related to . . . implementation of th[e] Order [compelling arbitration]." *Id.* at 2. The Bankruptcy Court, in February 2016, appointed a retired judge, James T. Giles, as arbitrator.

¶7     After a delay, which JKDPC objected to on April 19, 2016, by filing a second motion to compel, the Government and JKDPC proceeded to arbitration, which concluded on November 7, 2016 in a merits award ("Initial Award") of $8.9 million in favor of JKDPC. So far as the record shows, neither party moved the Bankruptcy Court to confirm or vacate that award. The Initial Award also acknowledged that "[b]oth parties seek an award of arbitration attorneys fees and costs." (Initial Award p. 62.) And the arbitrator concluded that the "awarding of fees and costs is deemed to be within the scope of the parties' agreement to arbitrate." *Id.; see also id.* at 7 ("Attorney fee and cost awards will be determined and made into an award after a future hearing . . . ."). JKDPC later submitted a claim for $1.6 million in arbitration attorney's fees and expenses, which the arbitrator reduced to $1.3 million in a March 17, 2017 supplemental award. The Government "did not file a claim for attorney fees and costs [sic] as a prevailing party."[4,5] (Supp. Award 1, *attached as* Ex. A to Compl.)

¶8     On June 14, 2017, the Government filed a complaint with the Superior Court of the Virgin Islands to vacate the Supplemental Award, alleging that the arbitrator exceeded his authority. JKDPC filed a pre-answer motion to dismiss, attaching seven extra-pleading exhibits in support, and further moved to confirm the Supplemental Award. The Government responded in opposition on August 1, 2017. The Court heard oral argument on JKDPC's motion on March 6, 2018, and took it under advisement.

---

[4] The arbitrator concluded that both JKDPC and the Government would be "prevailing parties" under Virgin Islands law.

[5] The Interim Award was inconsistent in that the arbitrator initially had determined that "[t]he parties' claims for arbitration fees and expenses are not awarded. Such continue to be their shared responsibility." (Initial Award p. 63.) Neither the parties nor the arbitrator addressed the inconsistency, however.

¶9 Because the record the parties submitted in this Court, particularly the Interim Award, had referenced the Bankruptcy Court's order compelling arbitration, the Court accessed the docket of the *HOVENSA* bankruptcy proceeding to review the filings related to that order. And because the Bankruptcy Court's order compelling arbitration had stated that the Bankruptcy Court retained jurisdiction with respect to "*all matters . . .* related to" arbitration, (Jan. 16, 2016 Order at 2 (emphasis added)), this Court issued an order on February 1, 2019, questioning whether the Superior Court of the Virgin Islands has jurisdiction. Both parties, in supplemental briefs filed in response, agreed that the Superior Court has jurisdiction because the $8.9 million escrowed in the bankruptcy proceeding would not be used to satisfy the supplemental award.

## II.     JURISDICTION AND DISCUSSION

¶10 All courts have an independent obligation to examine their own jurisdiction. *See Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court *is obligated to* examine whether it has subject matter jurisdiction over the dispute." (emphasis added)). And "'a court may consider the issue of subject matter jurisdiction *sua sponte.*'" *Ali v. Hay*, 70 V.I. 737, 740 (2019) (citation omitted). Although the Government and JKDPC agree that the Superior Court does have jurisdiction, the consensus is irrelevant because the Supreme Court "has repeatedly instructed, 'parties may not explicitly or implicitly stipulate to the law.'" *In re: Pet. For Expungement of Crim. Rec. of Callwood*, 66 V.I. 299, 303 (2017) (brackets omitted) (quoting *Bryan v. Fawkes*, 61 V.I. 201, 224 (2014)). And this Court concludes that it lacks jurisdiction here.

¶11 First, the Supplemental Award awarded attorney's fees and costs. But it was not issued by a different arbitrator in another proceeding. Instead, it was an extension of the initial arbitration. In fact, the Interim Award anticipated the Supplemental Award. Generally-speaking, although requests "'for costs or attorney's fees are independent proceedings . . . and not a request for a modification of the original decree,'" *Yearwood Enters, Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 869 (2018) (citations omitted), the requests are "supplemental to the original proceeding . . . ." *Id.* In other words, the request is made within the original proceeding, typically by motion. *Cf.* V.I. R. Civ. P. 54(d)(1)(A); *accord* Fed. R. Civ. P. 54(d)(1). Except in rare instances not applicable here, attorney's fees and costs are not recovered in an independent proceeding. *Cf.* 5 V.I.C. § 431(b) ("The measure and mode of compensation of attorneys . . . shall be allowed to the prevailing party in the *judgment* . . . ."

(emphasis added)). *See also, e.g., Morley v. Farnese*, 178 A.3d 910, 918 (Pa. Commw. Ct. 2018) ("Section 977 only permits an award of costs in the proceedings on the petition to set aside, not a separate action for costs in a court unfamiliar with the conduct of the parties."). In fact, fees and costs must be "allowed . . . in the judgment," 5 V.I.C. § 431(b), and entering judgments may have to be deferred, at least in Virgin Islands courts, until the request for attorney's fees and costs are resolved. *Cf. Mahabir v. Heirs of George*, 63 V.I. 651, 665 n.7 (2015).

¶12    Of course, the underlying proceeding here was an arbitration, not a civil action. But the arbitration was compelled by the Bankruptcy Court. Although JKDPC represented to the Bankruptcy Court that it could have turned to the Virgin Islands courts in the first instance, JKDPC concluded as well that it would have had to "seek relief from [the automatic] stay." (Hr'g Tr. 48:8 (Dec. 17, 2015), ECF No. 477, *In re: HOVENSA, L.L.C.*, Case No. 1:15-bk-10003; *see also id.* at 48:13-15 ("So, even if there was another potential court we could go to if we sought relief from stay, it doesn't change the fact that Your Honor has jurisdiction . . . .").) Rather than ask the Bankruptcy Court to escrow the funds in dispute between the parties and lift the stay so JKDPC and the Government resolve their fee dispute in court, both parties agreed to go to arbitration. And even though the Government questioned the preclusive effect that arbitration might have on subsequent proceedings, the Bankruptcy Court referred that issue as well to the arbitrator. (*See* Jan. 16, 2016 at 2 ("The preclusive effect, if any, is reserved in the first instance for the arbitrator.").) And the arbitrator concluded that the Government had "reserved [the] right to bring civil or criminal actions against the Dema Firm's principal, John K. Dema, Esquire." (Initial Award, p.3.)

¶13    But this action is not against John K. Dema, Esquire. This action is not an action to "enforce . . . [the] arbitration award[s] as a final judgment in a court of law." (Prof'l Servs Contract ¶ 23, attached as Ex. C. to Compl., filed June 14, 2017.) Instead, the Government commenced this action to vacate the Supplemental Award, an award issued in furtherance of the underlying arbitration compelled by the Bankruptcy Court exercising its "related to" jurisdiction. *See* 28 U.S.C. § 1334(b) (Bankruptcy courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). And the Bankruptcy Court retains jurisdiction to confirm, vacate, modify, or amend that award.

¶14    Just as an award of attorney's fees and costs in a civil case is a proceeding "supplemental" to jurisdiction over the original case, the supplemental award the arbitrator issued was issued with the original arbitration. In fact, the arbitrator, in the Initial Award, concluded that the question whether attorney's fees and costs incurred in the arbitration could even be awarded was itself "deemed to be within the scope of the parties' agreement to arbitrate. (Initial Award, p. 62.) Thus, "all matters . . . related to" arbitration were determined by the arbitrator as the January 16, 2016 Order had authorized. Just as "the Superior Court retains jurisdiction to decide collateral issues such as attorney's fees even after voluntary dismissal of an action," *Yearwood Enters.*, 69 V.I at 871, the Bankruptcy Court likewise retains jurisdiction, in this instance, to decide whether to confirm, vacate, modify, or correct the supplemental award of attorney's fees and costs.

¶15    The parties disagree. But the concern is not, as they phrase it, the source of the funds to pay the Supplemental Award. Rather, the concern is the source of authority that referred them to arbitration. Bankruptcy courts "may hear both core and noncore matters . . . ." *In re: Allegheny Health, Educ., & Research Found.*, 383 F.3d 169, 175 (3d Cir. 2004) (citation omitted). In core proceedings they may issue final orders, whereas in non-core proceedings they can make findings and conclusions for district court review. *See id.* Core proceedings include determining the validity of liens. *See* 28 U.S.C. § 157(b)(2)(K). Non-core or related proceedings, *see Stern v. Marshall*, 564 U.S. 462, 477 (2011) (noting the terms are "synonymous"), And "'[t]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

¶16    The wrinkle here arises because the dispute was between two non-debtors who agreed to arbitrate. "Disputes that involve both the Bankruptcy Code and the Arbitration Act often present conflicts of 'near polar extremes . . . .'" *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006) (citation omitted). "Bankruptcy courts generally do not have discretion to refuse to compel arbitration of 'non-core' bankruptcy matters, or matters that are simply 'related to' bankruptcy cases." *Id.* But "[b]ankruptcy courts are more likely to have discretion to refuse to compel arbitration of core bankruptcy matters, which implicate 'more pressing bankruptcy concerns.'" *Id.* (citation omitted). Unfortunately, the Bankruptcy Court did not expressly state whether the fee dispute

between the Government and JKDPC was core or non-core. But it did find "enough of an effect on the estate that the issue does need to be resolved . . . ." (Hr'g Tr. 51:14-15 (Dec. 17, 2015), ECF No. 477, *In re: HOVENSA, L.L.C.*, Case No. 1:15-bk-10003.) And the court then referred the parties' fee dispute to arbitration.

¶17    An order compelling arbitration is akin to an injunction because it mandates certain action. *Cf. Salsitz v. Kreiss*, 761 N.E.2d 724, 730 (Ill. 2001) ("An order . . . to compel or stay arbitration is injunctive in nature . . . ."); *accord Andrew v. Am. Imp. Ctr.*, 110 A.3d 626, 634 (D.C. 2015). And courts that issue injunctive orders retain jurisdiction over those orders. *Cf. Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012) ("[T]he court that enters an injunctive order retains jurisdiction to enforce its order. In this respect, a bankruptcy court is no different . . . ."); *accord Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."). By referring the parties to arbitration, the Bankruptcy Court retained jurisdiction to enforce that order. *See id.* But more importantly, what the parties overlook is that the January 16, 2016 Order is not final yet, because the HOVENSA bankruptcy proceedings have not concluded. Consequently, the Government may still be able to appeal the January 16, 2016 Order, either to the District Court of the Virgin Islands or the United States Court of Appeals for the Third Circuit. *Cf. id.* at 152 (noting same). For this Court to now exercise jurisdiction over a supplemental award issued in an arbitration that was compelled by another court might wreak havoc on the on-going bankruptcy proceeding. *Accord Alderwoods Group, Inc.*, 682 F.3d at 970 ("[I]t would wreak havoc on the federal courts to leave enforcement of the injunctive order of a bankruptcy court in one district to the interpretive whims of a bankruptcy court in another district.").

¶18    The Government argues that this Court should not "abandon its jurisdiction, merely because the Bankruptcy Court may have issued an order in this matter that is independent of the issues pending in the Superior Court." (Pl's Resp. to Ct.'s Feb. 1, 2019 Order at 5-6, filed Feb. 19, 2019.) But the Government forgets that the Supplemental Award was not issued in an independent proceeding. It was issued within the original arbitration that—whether by consent of the parties or by operation of law—the Bankruptcy Court exercised jurisdiction over and retained. The parties did not challenge that decision nor did they ask the Bankruptcy Court to confirm or vacate the Initial Award.

Instead, the Government commenced this action to ask the Superior Court to vacate the Supplemental Award, and JKDPC responded by moving to dismiss and confirm the same award. However, the power to confirm or vacate that award lies with the Bankruptcy Court in the first instance. That is not to say that the Superior Court of the Virgin Islands does not have jurisdiction over an action filed by the Government of the Virgin Islands to confirm or vacate an arbitration award. Section 76 of title 4 of the Virgin Islands Code provides otherwise. But this is not a typical case. And even if the Superior Court does have jurisdiction, the Court declines to exercise it here because the Bankruptcy Court has not refused jurisdiction over the Supplemental Award. *Cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 1246 (1976) ("It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts."). Any other conclusion would erode comity between Virgin Islands courts, "a judicial interest sufficiently serious to warrant *sua sponte* invocation of claims-processing rules and other affirmative defenses." *Simon v. Joseph*, 59 V.I. 611, 629 (2013). It would also sanction forum shopping if parties referred to arbitration by one court who retained jurisdiction could bypass that court and ask another court to vacate an arbitration award.

### III. CONCLUSION

¶19     Accordingly, after careful consideration and review, the Court finds, for the reasons stated above, that this matter must be dismissed for lack of jurisdiction. An appropriate order follows.

**Date:** January 24, 2020

_____
**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
ESTRELLA H. GEORGE
Clerk of the Court
By: _____
Court Clerk Supervisor
Dated: _____

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

GOVERNMENT OF THE VIRGIN ISLANDS,   )    **CASE NO. SX-17-CV-261**

)

Plaintiff,    )

)

v.    )

)

JOHN K. DEMA, P.C.,    )

)

Defendant.    )

)

## ORDER

**AND NOW**, for the reasons stated in the accompanying Memorandum Opinion dated January 24, 2020, it is hereby

**ORDERED** that the Complaint filed by Plaintiff the Government of the Virgin Islands on June 14, 2017 is **DISMISSED without prejudice** for lack of jurisdiction. It is further

**ORDERED** all any motions still pending are **DISMISSED**. It is further

**ORDERED** that the Clerk's Office shall **SERVE** a copy of this Order on Chief Deputy Attorney General Carol Thomas Jacobs, Attorney Andrew L. Capdeville, and Attorney Kurt F. Gwynne and then **CLOSE** this case.

**DONE AND SO ORDERED.**

**Date:** January 24, 2020

**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
ESTRELLA H. GEORGE
Clerk of the Court
By:
Court Clerk Supervisor
Dated: