**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**


| | | |
|---|---|---|
| IN RE:  NOMINATION PETITION OF | : | No. 14 EAP 2016 |
| JOHN H. MORLEY, JR. AS CANDIDATE | : | |
| FOR THE DEMOCRATIC NOMINATION | : | Appeal from the orders of the |
| FOR SENATOR IN THE GENERAL | : | Commonwealth Court dated March 18, |
| ASSEMBLY FROM THE FIRST | : | 2016 and March 31, 2016 at No. 102 |
| SENATORIAL DISTRICT,  OBJECTION | : | MD 2016 |
| OF: GAETANO PICCRILLI; MICHAEL | : | |
| WEISS AND KAREN GREENBERG | : | SUBMITTED:  April 7, 2016 |
| | : | |
| | : | |
| APPEAL OF:  JOHN H. MORLEY, JR. | : | |


## OPINION


**JUSTICE TODD**                                                 **FILED:  July 19, 2016**

On April 19, 2016, by *per curiam* order, this Court reversed the order of the Commonwealth Court, which struck the nomination petition of Appellant John H. Morley, Jr. ("Candidate") as a candidate for the Democratic nomination for Senator in the General Assembly from the 1st Senatorial District in South Philadelphia, and directed that Candidate's name be reinstated on the ballot for the April 26, 2016 election.  This opinion follows.

By way of background, on February 16, 2016, Candidate filed a nomination petition seeking to appear on the primary ballot for the Democratic nomination for Senator.  Under the Election Code, to appear on the primary ballot, a candidate for Senator must present a nomination petition with a minimum of 500 valid signatures.  25 P.S. § 2872.1(13).  Candidate's petition contained 37 pages, with 1,047 total signatures, all of which were attested to by the Candidate as the circulator.  Objectors Gaetano

Piccrilli, Michael Weiss, and Karen Greenberg (collectively, the "Objectors") filed a Petition to Set Aside the Nomination Petition of Candidate in the Commonwealth Court on February 23, 2016. In their petition, the Objectors alleged that all 37 pages of Candidate's nomination petition were invalid due to defective circulator affidavits and that, even if the circulator affidavits were valid, Candidate did not have a sufficient number of valid signatures to reach the minimum needed for Candidate's name to appear on the ballot.

On March 31, 2016, Judge James Gardner Colins, in an unpublished single-judge decision, struck numerous signatures, upholding challenges to certain circulator affidavits and individual signature lines. In re: Nomination Petition of Morley, 102 M.D. 2016 (Pa. Cmwlth. Mar. 31, 2016). Critical to the instant appeal, the Commonwealth Court, *inter alia*, rejected 27 signature lines that were signed by individuals who were not registered at the address indicated on the nomination petition, even though they were duly registered as qualified Democratic electors at a different address within the 1st Senatorial District. The court struck these signature lines based upon this Court's decision in In re Nomination Petition of Flaherty, 770 A.2d 327, 333 (Pa. 2001), which held that, absent extraordinary circumstances, a signature on a nomination petition must be stricken if the elector declares an address accompanying his or her signature which does not match the address at which the elector is currently registered. The court also cited its split *en banc* decision in In re Nomination Petition of Vodvarka, 135 A.3d 246 (Pa. Cmwlth. 2016) ("Vodvarka I"), which relied upon Flaherty. The court, however, voiced "vigorous disagreement" with the rationale of these decisions. Ultimately, the court concluded that only 497 of the 1,047 signatures gathered by Candidate were valid — 3 shy of the minimum 500 signatures necessary under the Election Code — and, thus, directed the Secretary of the Commonwealth to remove Candidate's name from

the ballot. Candidate appealed the Commonwealth Court's order to our Court, specifically challenging the continued viability of Flaherty and its progeny.

In this regard, our Court, in In re: Nomination Petition of Vodvarka, 2016 Pa. LEXIS 1323 (Pa. filed June 23, 2016) ("Vodvarka II"), recently overruled our 2001 decision in Flaherty, reversed Vodvarka I, and held that "the signature of a registered voter whose name appears in the SURE[1] registry may not be stricken from a nominating petition solely because the address set forth on the nominating petition is different from the address at which the signer is currently registered to vote." Id. at *1. Based upon the analysis as fully set forth therein, Vodvarka II is determinative of this appeal.

Specifically, the 27 signatures on Candidate's nominating petition, by individuals who were not registered at the address indicated on the nomination petition but who were nonetheless duly registered as qualified Democratic electors at a different address within the 1st Senatorial District, are valid under Vodvarka II. As the Candidate was otherwise just 3 signatures shy of the 500 signatures required under the Election Code, given the validity of those 27 signatures, Objectors did not meet their burden to strike Candidate's nomination petition.

Accordingly, for this reason, we entered our April 19, 2016 order reversing the order of the Commonwealth Court.

---

[1] SURE is the acronym for the Statewide Uniform Registry of Electors. 25 Pa.C.S. § 1222. The SURE system allows for electronic searching for registered voters by name and party, and permits a signature to be retrieved for comparison to confirm registration status without the need to input an address. An individual who signs a nominating petition can be identified in the SURE system by first and last name, and his or her identity and registration status can be confirmed by matching the elector's signature with the signature in the SURE System.

Chief Justice Saylor and Justices Baer, Donohue, Dougherty and Wecht join the opinion.