# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John H. Morley, Jr.,                      :
                                          :
               Appellant                  :
                                          :
        v.                                : No. 1405 C.D. 2017
                                          : Submitted: December 1, 2017
Lawrence M. Farnese, Jr., Kevin           :
Michael Greenberg, George J. Farrell,     :
Gaetano Piccirilli, Michael Weiss and     :
Karen Greenberg                           :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED:  January 24, 2018**


            This matter is an appeal filed by John H. Morley, Jr. (Plaintiff), *pro se*, from an order of the Court of Common Pleas of Philadelphia County (common pleas court) that sustained preliminary objections and dismissed with prejudice his civil action against Lawrence M. Farnese, Jr. (Farnese), Kevin Michael Greenberg and George J. Farrell (Attorney Defendants), and Gaetano Piccirilli, Michael Weiss and Karen Greenberg (Objector Defendants) (collectively, Defendants).  Plaintiff's action asserted a claim for wrongful use of civil proceedings, claims under attorney fees and costs statutes, and claims for abuse of process, conspiracy and concert of action arising out of Defendants' ballot challenge to Plaintiff's 2016 candidacy for the Pennsylvania State Senate.   For the reasons set forth below, we affirm.

On February 16, 2016, Plaintiff timely filed a nomination petition to place his name on the April 26, 2016 Primary Election ballot as a Democratic candidate for Senator in the General Assembly from the 1st Senatorial District. (Second Amended Complaint ¶¶1, 15, 23, Reproduced Record (R.R.) at 13a, 15a, 16a; *In re Morley (Morley II)*, 141 A.3d 1275, 1276 (Pa. 2016).[1]) The only other candidate to file for the Democratic primary for that office was defendant Farnese, the incumbent State Senator for the district. (Second Amended Complaint ¶¶2, 10, R.R. at 13a-14a.)

Under the Pennsylvania Election Code (Election Code),[2] a nomination petition to place a candidate for State Senator on the primary ballot must contain at least 500 valid signatures of voters who are eligible to vote in that primary. Section 912.1(13) of the Election Code, 25 P.S. § 2872.1(13).[3] The Election Code also requires that each page of a nomination petition have an affidavit of a circulator who was present when the voters signed the page; if the individual who signed the circulator affidavit was not present when the signatures were gathered, those signatures are not valid. Section 909 of the Election Code, 25 P.S. § 2869; *In re Nomination Petition of Farnese (Farnese I)*, 17 A.3d 375, 377 (Pa. 2011); *In re Nomination Petition of Flaherty*, 770 A.2d 327, 336-38 (Pa. 2001), *overruled on*

---

[1] Plaintiff attached as an exhibit to his complaint a copy of the *Morley II* slip opinion. Regardless of whether Plaintiff has attached them to his complaint, this Court may properly take judicial notice of both the Pennsylvania Supreme Court's opinion and this Court's opinion, *In re Morley (Morley I)*, (Pa. Cmwlth., No. 102 M.D. 2016, filed March 31, 2016), in the underlying ballot challenge case. *C.J. v. Department of Public Welfare*, 960 A.2d 494, 497 n.8 (Pa. Cmwlth. 2008); *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007).

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

[3] Added by the Act of December 12, 1984, P.L. 968.

*other issue by In re Nomination Petition of Vodvarka (Vodvarka III)*, 140 A.3d 639 (Pa. 2016); *In re Petition to Set Aside Nomination of Fitzpatrick*, 822 A.2d 867, 869 n.2 (Pa. Cmwlth. 2003).

Plaintiff's nomination petition contained 1,047 signatures. (Second Amended Complaint ¶24, R.R. at 17a; *Morley II*, 141 A.3d at 1276.) Each of the 37 pages of the nomination petition was attested to by Plaintiff as circulator. (Second Amended Complaint ¶¶24, 33, R.R. at 17a-18a; *Morley II*, 141 A.3d at 1276.) On February 23, 2016, Objector Defendants, represented by Attorney Defendants, timely filed a petition to set aside Plaintiff's nomination petition, asserting that Plaintiff did not have 500 valid signatures because the circulator affidavits for pages that he did not circulate were invalid and because, even if the circulator affidavits were valid, 646 individual signature lines were invalid. (Second Amended Complaint ¶¶25, 45 & Ex. A, R.R. at 17a, 19a, 41a-46a.)

This Court held four days of argument and testimonial hearings on the petition to set aside. (*In re Morley (Morley I)*, (Pa. Cmwlth., No. 102 M.D. 2016, filed March 31, 2016), slip op. at 3.) Plaintiff represented himself *pro se* in all hearings and proceedings on the petition to set aside. (*Morley I* Docket Entries, R.R. at 2a.) Based on Plaintiff's testimony at the hearings on the petition to set aside, the Court found that four pages of the nomination petition, containing 120 signatures, were not circulated by Plaintiff or in his presence and that 11 signatures on a fifth page were gathered outside of Plaintiff's presence. (*Morley I*, slip op. at 5-6.) The Court, accordingly, held that Plaintiff's circulator affidavits were invalid as to those signatures and struck those 131 signatures. (*Id.*, slip op. at 4-9, 11.) Plaintiff and Objector Defendants agreed that 428 of the remaining signatures on the nomination petition were valid and that 355 other signatures were invalid,

3

leaving 133 signature line challenges as to which the parties did not agree. (*Id.*, slip op. at 11-13.) Twenty-seven of those were signatures of registered Democratic voters in the senatorial district, challenged on the ground that their address on their registration did not match the address that they wrote on the nomination petition (commonly referred to as "not-registered-at-address" or "NRA" challenges). (*Id.*, slip op. at 19.) The other 106 lines were challenged on various non-NRA grounds, including incomplete signature line, inconsistency with the voter's signature on the registration and registration outside the senatorial district. (*Id.*, slip op. at 13-19.) The Court rejected 69 of the non-NRA challenges, bringing Plaintiff's number of valid signatures to 497, and struck 37 disputed signatures as invalid on non-NRA grounds. (*Id.*, slip op. at 12-19.)

The NRA challenges turned on the legal issue of whether a non-matching address invalidates an otherwise valid voter signature on a ballot petition. In 2001, the Pennsylvania Supreme Court held in *Flaherty* that, absent extraordinary circumstances, a person who moved from the address where he was registered to vote and had not filed a change of address was no longer a valid registered voter, and that signatures with non-matching addresses must therefore be stricken. 770 A.2d at 333-34. Although there was conflicting, non-binding case law in this Court as to whether *Flaherty* remained good law on this issue under current Pennsylvania voter registration laws, *compare*, *e.g.*, *In re Nomination Petition of Vodvarka (Vodvarka I)*, 994 A.2d 25 (Pa. Cmwlth. 2010) (single-judge opinion) *with In re Nomination Petition of Brown*, 846 A.2d 783 (Pa. Cmwlth. 2004) (single-judge opinion), the Supreme Court had not overruled *Flaherty* at the time that the petition to set aside was filed and litigated in this Court. On March 31, 2016, this Court held *en banc* in *In re Nomination Petition of Vodvarka*

4

*(Vodvarka II)*, 135 A.3d 246 (Pa. Cmwlth. 2016), that *Flaherty* remained good law and that signatures with non-matching addresses are invalid.

Because the 27 signatures on Plaintiff's nomination petition challenged on NRA grounds were invalid under the Supreme Court's *Flaherty* decision and this Court's *en banc Vodvarka II* decision and Plaintiff therefore had only 497 valid signatures under the existing law, the Court on March 31, 2016 granted Objector Defendants' petition to set aside Plaintiff's nomination petition. (*Morley I*, slip op. at 19-21.) Plaintiff appealed this Court's decision. On April 19, 2016, after this Court's decision on Plaintiff's nomination petition, the Supreme Court overruled *Flaherty* "to the extent that it imposes a matching address requirement in connection with signatures on a nominating petition," holding that, under Pennsylvania's current voter registration laws and those laws in effect at the time that *Flaherty* was decided, a move to a new address without filing a change of address does not invalidate that voter's registration. *Vodvarka III*, 140 A.3d at 647-51. Based on *Vodvarka III*, the Supreme Court ruled that the 27 NRA signatures on Plaintiff's nomination petition were valid and reversed this Court's decision removing Plaintiff from the ballot. *Morley II*, 141 A.3d at 1277.

In accordance with the Supreme Court's direction, this Court on remand ordered that Plaintiff's name be reinstated on the ballot. (*Morley I* Docket Entries, R.R. at 9a.) Plaintiff did not request that this Court award costs or any other further relief following the reversal and remand. (*Id.*, R.R. at 9a-10a.) Plaintiff was unsuccessful in his candidacy, receiving only 26% of the vote in the April 26, 2016 primary. (Second Amended Complaint ¶14, R.R. at 14a.)

On February 14, 2017, Plaintiff filed this action against Defendants in the common pleas court. Following preliminary objections to the complaint and to

an amended complaint, Plaintiff filed a second amended complaint in which he alleged that Objector Defendants and Attorney Defendants filed the petition to set aside his nomination petition at Farnese's instigation and sought damages from all Defendants on the ground that the petition to set aside was filed in bad faith and without probable cause. (Second Amended Complaint ¶¶25, 31, 38, 41, 45-47, 51-52, 54, 65-75, 101, 113-16, 136-39 & Prayer for Relief, R.R. at 17a-20a, 22a-23a, 26a-28a, 30a, 39a.) In this six-count complaint, Plaintiff asserted a claim for wrongful use of civil proceedings, claims under 42 Pa. C.S. § 2503(7), (9), and (10), and Section 977 of the Election Code, 25 P.S. § 2937, and claims for abuse of process, conspiracy and concert of action. (*Id.* ¶¶157-208, R.R. at 33a-38a.)

Defendants filed preliminary objections in the nature of demurrer to all of the counts of Plaintiff's second amended complaint. On July 11, 2017, the common pleas court sustained Defendants' preliminary objections and dismissed the action with prejudice on the ground that Defendants had probable cause as a matter of law for their petition to set aside Plaintiff's nomination petition. On July 17, 2017, Plaintiff filed the instant appeal.[4]

In this Court, Plaintiff argues that the sufficiency of his claim for wrongful use of civil proceedings is a jury question that cannot be determined on preliminary objections.[5] We do not agree.

---

[4] Plaintiff appealed to the Superior Court, and the Superior Court transferred the appeal to this Court on the ground that this Court has exclusive jurisdiction, under 42 Pa. C.S. § 762(a)(4)(i)(C), over appeals in actions involving "the application, interpretation or enforcement of any … statute relating to elections, campaign financing or other election procedures."

[5] Because this is an appeal from an order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. *Hospital & Healthsystem Association of Pennsylvania v. Department of Public Welfare*, 888 A.2d 601, 607 n.12 (Pa. 2005); *Gale v. City of Philadelphia*, 86 A.3d 318, 319 n.1 (Pa. Cmwlth. 2014). **(Footnote continued on next page…)**

A plaintiff asserting a claim for wrongful use of civil proceedings must prove not only that the underlying proceeding terminated in his favor, but that the defendant acted without probable cause in instituting or continuing to litigate that proceeding against him. 42 Pa. C.S. § 8354; *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1023-24 (Pa. Cmwlth. 2014); *P.J.A. v. H.C.N.*, 156 A.3d 284, 291-92 (Pa. Super. 2017); *Kit v. Mitchell*, 771 A.2d 814, 819 (Pa. Super. 2001), *appeal dismissed as improvidently granted*, 842 A.2d 368 (Pa. 2004); *Meiksin v. Howard Hanna Co. Inc.*, 590 A.2d 1303, 1304-05 (Pa. Super. 1991). Whether there was probable cause for the underlying litigation is an issue of law for the court that may properly be decided on preliminary objections, unless there are facts in dispute that are material to the issue of probable cause. *Broadwater v. Sentner*, 725 A.2d 779, 782 (Pa. Super. 1999); *Gentzler v. Atlee*, 660 A.2d 1378, 1382 (Pa. Super. 1995); *Meiksin*, 590 A.2d at 1305; *Dietrich Industries, Inc. v. Abrams*, 455 A.2d 119, 124 (Pa. Super. 1982). "[W]hat constitutes probable cause and whether it exists under an admitted or clearly established set of facts are questions of law for the court to determine." *Gentzler*, 660 A.2d at 1382 (quoting *Dietrich Industries, Inc.*).

Here, it is clear from the face of Plaintiff's complaint that Defendants had probable cause for commencing and litigating the petition to set aside Plaintiff's nomination petition. Where the claim for relief asserted by the defendant in the underlying proceeding could reasonably be held meritorious under existing or developing law, probable cause is established as a matter of law. 42 Pa. C.S. § 8352 ("<u>A person who takes part in the procurement, initiation or</u>

---

**(continued…)**
Defendants' assertions that this appeal is reviewed under an abuse of discretion standard misstate the law.

7

continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and … (1) reasonably believes that under those facts the claim may be valid under the existing or developing law") (emphasis added); *Kit*, 771 A.2d at 821-22 (plaintiff had no cause of action for wrongful use of civil proceedings where defendant's actions "were justified under then-existing case law").

When Defendants filed and litigated their petition to set aside, it was meritorious under existing case law. If nomination petition signatures with an address that did not match the voter's registration were not valid, Plaintiff did not have the 500 valid signatures required to appear on the ballot. (*Morley I*, slip op. at 19-21.) Under the Supreme Court's *Flaherty* decision, those signatures with non-matching addresses were invalid. At the time that the petition to set aside was filed and litigated in this Court in February and March 2016, the Supreme Court had not overruled *Flaherty*. While the Supreme Court held in April 2016 that *Flaherty*'s matching address requirement was an erroneous interpretation of Pennsylvania election law, *Vodvarka III*, 140 A.3d at 647-51, that subsequent event does not change the fact that *Flaherty* was existing case law on which litigants and attorneys could reasonably rely until it was overruled. Because there was a reasonable basis under existing law for the petition to set aside, the common pleas court correctly concluded that Plaintiff cannot show lack of probable cause and therefore cannot state a cause of action for wrongful use of civil proceedings, regardless of any other averments in Plaintiff's second amended complaint or any disputed facts. 42 Pa. C.S. §§ 8352, 8354; *Kit*, 771 A.2d at 820-22; *Meiksin*, 590 A.2d at 1305-07.

To the extent that Plaintiff asserts that lack of probable cause can be found because Defendants did not prove all of the factual assertions in their

8

petition to set aside (Appellant's Br. at 21-22, 24), that contention is without merit. The issue in a claim for wrongful use of civil proceeding is whether there was probable cause for the underlying litigation, not whether every allegation contained in a party's pleading is proven. The fact that Defendants withdrew or were unsuccessful on some of their challenges to circulator affidavits and signature lines did not alter the fact that Defendants had a valid basis to set aside the nomination petition under existing law.

Moreover, the mere fact that a party in an election case made claims that were ultimately found unmeritorious does not show that the party's claims were filed without a legitimate basis. *In re Nomination Petition of Farnese (Farnese II)*, 17 A.3d 357, 372-73 (Pa. 2011).

> [B]oth parties in election contests are operating within the truncated timeframes of the Election Code. As a result, candidates generally err on the side of filing well in excess of the required signatures, perhaps with near certainty that a number of them will be invalid, and in the hope of deterring any challenge. On the other hand, depending on the number of signatures involved and required, prospective objectors often have a limited opportunity for extensive investigation of signatures prior to expiration of the period for forwarding objections. Thus, objectors often must determine whether to proceed at a point where the prospect of success is uncertain.

*Id.* at 373 (citations omitted). Defendants were not the only parties to assert unsuccessful claims with respect to Plaintiff's nomination petition. Plaintiff admitted that 355 signatures on his nomination petition were invalid and 168 other signatures were found invalid on non-NRA grounds unaffected by the Supreme Court's decision on appeal. (*Morley I*, slip op. at 5-9, 11-13, 17-19.) Neither the fact that a number of Defendants' specific challenges were not meritorious nor the

fact that almost half of the signatures on Plaintiff's nomination petition were invalid establishes improper conduct. *Farnese II*, 17 A.3d at 372-73.

Plaintiff also argues that the common pleas court erred in dismissing his claims under Section 2503 of the Judicial Code and Section 977 of the Election Code, and his claims for abuse of process, conspiracy and concert of action. These arguments likewise fail.[6]

Section 2503 of the Judicial Code provides for the award of "a reasonable counsel fee as part of the taxable costs of the matter" where the opposing party has engaged in "dilatory, obdurate or vexatious conduct" in that proceeding, where the opposing party's conduct "was arbitrary, vexatious or in bad faith," and where authorized by statute. 42 Pa. C.S. § 2503(7), (9), (10). Section 2503 permits only an award of attorney fees, not other sanctions, and permits such an award to reimburse a litigant for attorney fees that it incurred in the litigation. 42 Pa. C.S. § 2503; *Maurice A. Nernberg & Associates v. Coyne*, 920 A.2d 967, 972 (Pa. Cmwlth. 2007); *Westmoreland County Industrial Development Authority v. Allegheny County Board of Property Assessment*, 723 A.2d 1084, 1086-87 (Pa. Cmwlth. 1999). Plaintiff did not incur any counsel fees in the petition to set aside proceedings because he represented himself. Section 2503 does not provide a basis for any award to a *pro se* litigant. *Maurice A. Nernberg & Associates*, 920 A.2d at 972; *Westmoreland County Industrial Development Authority*, 723 A.2d at 1087. Plaintiff therefore has no cause of action under Section 2503 of the Judicial Code as a matter of law.

---

[6] The common pleas court did not address these issues in its opinion. This Court, however, may affirm a legally correct lower court order on grounds other than those on which the court based its decision. *Orange Stones Co.*, 87 A.3d at 1023; *Guy M. Cooper, Inc. v. East Penn School District*, 903 A.2d 608, 618 & n.9 (Pa. Cmwlth. 2006).

10

Section 977 of the Election Code provides that where a court dismisses a petition to set aside a nomination petition, "the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just." 25 P.S. § 2937. This statute does not permit an automatic award of costs to the prevailing party. *Farnese II*, 17 A.3d at 369-73. Rather, costs may be awarded only where fraud, bad faith, or misconduct by the losing party is shown, or where it is shown that the losing party should have known that the chance of success was remote or that his legal position was foreclosed by existing law. *Id.* Plaintiff therefore could not prevail on a claim for costs of the litigation of the petition to set aside as a whole for the same reason that he has no cause of action for wrongful use of civil proceedings. Because the petition to set aside was meritorious under existing case law that had not been overruled at the time that it was filed and litigated by Defendants, Plaintiff as a matter of law cannot show the fraud, bad faith, misconduct, lack of likelihood of success or clear invalidity of the ballot challenge required for an award of costs under Section 977.

In any event, even if Plaintiff's Section 977 claim sought only costs arising out of specific conduct in the hearings on the petition to set aside or specific rejected challenges, it was properly dismissed because no claim for those costs could be filed in the common pleas court and no costs claim could be filed in any court when this action was commenced. Section 977 only permits an award of costs in the proceedings on the petition to set aside, not a separate action for costs in a court unfamiliar with the conduct of the parties. 25 P.S. § 2937 (providing for court hearings on objections in petitions to set aside in which "the court shall proceed without delay to hear said objections, … and shall finally determine said matter" and that "[i]n case any such petition is dismissed, the court shall make such

11

order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just") (emphasis added). Plaintiff did not file his claim for costs in the petition to set aside proceeding or even in this Court.

Moreover, if Plaintiff wished to seek costs, he was required to do so within 30 days of the final decision in the proceedings on the petition to set aside. The petition to set aside was before this Court in its original jurisdiction. Under Section 5505 of the Judicial Code, a court of original jurisdiction lacks authority to award additional relief not sought within 30 days after its final order in a case. *Ness v. York Township Board of Commissioners*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015); *see* 42 Pa. C.S. § 5505 (trial court loses authority to modify or rescind order after 30 days). The last order in the proceedings on the petition to set aside was this Court's April 21, 2016 order amending its order reinstating Plaintiff on the ballot following the Supreme Court's reversal and remand. (*Morley I* Docket Entries, R.R. at 9a-10a.) This action was not filed until February 2017, over nine months after that order. Plaintiff's claim for costs, filed more than 30 days after the final order in the matter for which he seeks costs, is therefore also barred on the ground that it was not timely filed.[7]

Plaintiff likewise has no cause of action for abuse of process. To prove a claim for abuse of process, Plaintiff must show that Defendants used a legal process against him primarily to accomplish a purpose for which the process was not designed. *Orange Stones Co.*, 87 A.3d at 1024; *P.J.A.*, 156 A.3d at 288;

---

[7] Defendants argue that Plaintiff was barred from seeking costs by Pa. R.A.P. 3751 because he did not seek costs within 14 days of the Court's final order. Because Plaintiff's claim for costs is barred by his failure to file within 30 days, we need not decide whether Pa. R.A.P. 3751, which imposes a 14-day time limit for filing a bill of costs under Pa. R.A.P. 2741-2762, applies to requests for costs under Section 977 of the Election Code.

*Clausi v. Stuck*, 74 A.3d 242, 248 (Pa. Super. 2013); *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008); *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. 1994).

> The common law tort of abuse of process involves the perversion of legal process after it has begun in order to achieve a result for which the process was not intended. Abuse of process has been described by the Supreme Court as the "use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." … The classic example is the initiation of a civil proceeding to coerce the payment of a claim completely unrelated to the cause of action sued upon. It is not enough that the defendant had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive. Rather, there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action.

*Orange Stones Co.*, 87 A.3d at 1024-25 (quoting *Al Hamilton Contracting Co.*).

Plaintiff cannot show that Defendants used the petition to set aside primarily for a purpose other than its intended purpose. The proper and intended purpose of a petition to set aside a nomination petition is the removal of the challenged candidate's name from the ballot. 25 P.S. § 2937. That is precisely what Defendants sought in filing and litigating the petition to set aside. Defendants' petition requested the removal of Plaintiff's name from the ballot and Defendants consistently argued in the hearings on the petition that Plaintiff did not have sufficient valid signatures and therefore must be removed from the ballot. (Second Amended Complaint Ex. A, R.R. at 45a; *Morley I*, slip op. at 2-6, 9-21.) Indeed, Plaintiff avers in his complaint that removal of his name from the ballot was the purpose of the petition to set aside. (Second Amended Complaint ¶¶25,

13

R.R. at 17a.) Because Defendants used the petition to set aside for its legitimate purpose and did nothing more than carry that process to its authorized conclusion, Plaintiff as a matter of law can have no cause of action for abuse of process. *Clausi*, 74 A.3d 249-50; *Al Hamilton Contracting Co.*, 644 A.2d at 192.

The two remaining causes of action pleaded by Plaintiff, conspiracy and concert of action, fail as a matter of law because Plaintiff has no legally valid underlying tort claim. No civil cause of action for conspiracy can exist unless the conduct that was the subject of the conspiracy is actionable. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590-91 (Pa. Super. 2004); *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Goldstein*, 854 A.2d at 590 (quoting *McKeeman*). To establish a cause of action for concert of action, the plaintiff must show that defendant committed a tortious act or assisted others in committing an actionable tort. *Skipworth v. Lead Industries Association, Inc.*, 690 A.2d 169, 174 (Pa. 1997) (concert of action claim requires proof that defendant committed "a tortious act in concert with the other or pursuant to a common design with him") (quoting Restatement (Second) of Torts, § 876); *Cummins v. Firestone Tire & Rubber Co.*, 495 A.2d 963, 969 (Pa. Super. 1985). Because Plaintiff's tort claims, for wrongful use of civil proceedings and abuse of process, were properly dismissed for failure to state a claim, Plaintiff can have no cause of action against Defendants for conspiracy or concert of action.

14

The common pleas court thus correctly concluded that Plaintiff has no cause of action against Defendants. Accordingly, we affirm its order dismissing Plaintiff's Second Amended Complaint with prejudice.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John H. Morley, Jr.,                          :
                                              :
                    Appellant                 :
                                              :
              v.                              :    No. 1405 C.D. 2017
                                              :
Lawrence M. Farnese, Jr., Kevin               :
Michael Greenberg, George J. Farrell,         :
Gaetano Piccirilli, Michael Weiss and         :
Karen Greenberg                               :

# **O R D E R**

AND NOW, this 24th day of January, 2018, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge