J-S12032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANCIS CARAFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE P. TINARI, ESQUIRE AND | : | No. 2596 EDA 2019 |
| LAW OFFICES OF EUGENE P. TINARI | : | |

Appeal from the Order Entered July 16, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2018 No. 00120

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 20, 2020**

This matter is an appeal filed by plaintiff Francis Carafa (Plaintiff) from

an order of the Court of Common Pleas of Philadelphia County (trial court)

sustaining preliminary objections in the nature of a demurrer filed by the

defendants, Eugene P. Tinari, Esquire (Tinari) and his law firm (collectively,

Defendants), and dismissing Plaintiff's legal malpractice action with prejudice.

For the reasons set forth below, we affirm.

The action arises out of Tinari's representation of Plaintiff in 2016 at the

equitable distribution hearings in Plaintiff's divorce from his wife (the Divorce

Action).  Complaint ¶¶5, 12, 15-17.  Plaintiff and his wife were married in

1974 and separated in 2009.  Divorce Action Equitable Distribution Order at

_____

[*] Retired Senior Judge assigned to the Superior Court.

2. Tinari was the 11th of at least 12 different attorneys that Plaintiff retained to represent him in the Divorce Action, which lasted from 2009 to 2017, and represented Plaintiff for less than three months. Divorce Action Docket Entries at 1, 4-5, 8, 10, 13, 17, 19, 21, 23-24, 26, 31; Complaint ¶¶17, 71; Divorce Action Equitable Distribution Order at 1.

Plaintiff commenced this action by praecipe for a writ of summons on September 4, 2018 and filed his complaint on December 31, 2018. Plaintiff specifically identified in his complaint the Divorce Action as the matter in which Tinari represented him. Complaint ¶5. Plaintiff averred that Tinari negligently failed at the equitable distribution hearings in the Divorce Action to call witnesses and present evidence on the value of real property and vehicles, that he failed to present evidence concerning various bank accounts and IRAs, that he failed to show that Plaintiff's police pensions and benefits were disability-related, and that he failed to introduce evidence that Plaintiff was unable to work. *Id.* ¶¶25-31, 41, 44, 48-65, 76-99, 111-28, 141-56, 158-78, 183-87, 189-98. Plaintiff averred that those acts and omissions resulted in unfavorable valuations of the marital real property and vehicles, inaccurate determinations of marital financial assets, inclusion of Plaintiff's police pensions and benefits as marital property, and overvaluation of Plaintiff's income in the equitable distribution order in the Divorce Action. *Id.* ¶¶65, 76,

84, 86, 88, 90, 115, 117, 158, 165, 177, 187, 193, 195, 205-06.[1]  Plaintiff averred in his complaint that he fired Tinari as his counsel at the end of the equitable distribution hearings and undertook to represent himself.  *Id.* ¶71.

Defendants filed preliminary objections to the complaint on April 2, 2019.  Defendants' preliminary objections included a demurrer asserting that Plaintiff could not prove his claims of legal malpractice given the record in the equitable distribution proceedings in the Divorce Action.  Defendants' Preliminary Objections ¶¶1-53.  In support of that demurrer, Defendants attached to their preliminary objections copies of the docket in the Divorce Action, the equitable distribution order on which Plaintiff based his legal malpractice claim, the memorandum opinion of this Court affirming the equitable distribution order, and transcripts and exhibits from the equitable distribution hearings.  *Id.* Exs. B-H.

Plaintiff, in response, filed preliminary objections to Defendants' preliminary objections asserting that Defendants' submission of documents from the divorce action was improper.  Plaintiff did not dispute the authenticity of any of the documents submitted by Defendants as exhibits to their preliminary objections, but contended that documents from the underlying action and proceedings on which the malpractice claim was based could not be considered on preliminary objections and that only the averments in

---

[1] Paragraphs 205 and 206 of Plaintiff's complaint are numbered 105 and 106, but follow paragraph 204.  Complaint at 20-22.

Plaintiff's complaint could be considered. Plaintiff's Preliminary Objections to Defendants' Preliminary Objections at 3-6.

In an order entered July 16, 2019, the trial court sustained Defendant's preliminary objections and dismissed Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted. Trial Court Order, 7/16/19. Plaintiff timely appealed on August 13, 2019. In his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, Plaintiff asserted that the trial court erred in dismissing the action because the complaint contained sufficient averments to set forth a cause of action for legal malpractice and that documents from the equitable distribution proceedings in the Divorce Action could not be considered on preliminary objections. Plaintiff's Statement of Matters Complained of on Appeal ¶¶2-4. Plaintiff did not assert in his 1925(b) statement that the documents from equitable distribution proceedings submitted by Defendants were not authentic, that he could state a cause of action for legal malpractice if those documents are considered, or that the trial court erred in not granting him leave to amend the complaint.

Plaintiff states as the sole issue in this appeal:

Whether the court below erred in granting the Appellees' Preliminary Objections and dismissing the Appellants' [*sic*] Complaint with prejudice?

Appellant's Brief at 7. The only error that Plaintiff argues in his brief is that the trial court failed to accept the averments of the complaint as true and

sufficient without regard to the record in the underlying Divorce Action out of which his legal malpractice claims arose.

On an appeal from an order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. *Hospital & Healthsystem Association of Pennsylvania v. Department of Public Welfare*, 888 A.2d 601, 607 n.12 (Pa. 2005); *Frank v. TeWinkle*, 45 A.3d 434, 438 (Pa. Super. 2012). This Court may affirm a trial court's decision sustaining a demurrer only where it is clear that the plaintiff is unable to prove facts legally sufficient to establish a right to relief. *Mazur v. Trinity Area School District,* 961 A.2d 96, 101 (Pa. 2008); *Frank*, 45 A.3d at 438. In making that determination, this Court must accept as true all well-pleaded material averments of fact in the complaint and every inference that is fairly deducible from those facts. *Hudson v. Pennsylvania Board of Probation and Parole*, 204 A.3d 392, 395 (Pa. 2019); *Frank*, 45 A.3d at 438. The Court, however, is not required to accept as true conclusions of law, unwarranted inferences, or argumentative allegations. *Hudson*, 204 A.3d at 395; *Conrad v. City of Pittsburgh*, 218 A.2d 906, 907 n.3 (Pa. 1966); *In re Estate of Luongo*, 823 A.2d 942, 966-68 (Pa. Super. 2003).

Contrary to Plaintiff's contentions, these principles do not require the trial court and this Court to consider the averments of the plaintiff's complaint in isolation where plaintiff's claim is based on a prior litigation or disregard the record in the underlying case. Where a complaint avers a cause of action

arising out of a prior case and references that underlying case, the record in the underlying case may properly be considered in determining whether the plaintiff can prove the cause of action that he asserts, even though the plaintiff has not attached such documents to his complaint. ***Perelman v. Perelman***, 125 A.3d 1259, 1266 n.3 (2015); ***Morley v. Farnese***, 178 A.3d 910, 913 n.1 (Pa. Cmwlth. 2018). Moreover, where a claim asserted by the plaintiff is based on written documents, the defendant may properly submit those documents with its preliminary objections and the court may consider those documents in ruling on a demurrer. ***Conrad***, 218 A.2d at 907-08 n.3; ***Regal Industrial Corp. v. Crum & Forster, Inc.***, 890 A.2d 395, 398-99 (Pa. Super. 2005); ***Satchell v. Insurance Placement Facility of Pennsylvania***, 361 A.2d 375, 377-78 (Pa. Super. 1976). If a claim is based on a document, it is the document, not averments in the plaintiff's complaint characterizing it, that determine whether the plaintiff has stated a cause of action, and averments that conflict with the document need not be accepted as true. ***Jenkins v. County of Schuylkill***, 658 A.2d 380, 383 (Pa. Super. 1995); ***Davis v. Davis***, 619 A.2d 743, 746-47 (Pa. Super. 1993); ***Framlau Corp. v. Delaware County***, 299 A.2d 335, 338 (Pa. Super. 1972).

Here, Plaintiff's complaint was based on the equitable distribution proceedings in the Divorce Action and the resulting equitable distribution order. It was therefore proper for Defendants to attach the equitable distribution order and other documents from the record in the Divorce Action

and those documents may be considered in determining whether Plaintiff stated a cause of action upon which relief may be granted. **Perelman**, 125 A.3d at 1266 n.3; **Regal Industrial Corp.**, 890 A.2d at 398-99.

To prove a cause of action for legal malpractice, the plaintiff must prove 1) employment of the attorney or another basis on which the attorney owed him a duty; 2) the failure by the attorney to exercise ordinary skill and knowledge; and 3) that this negligence was the proximate cause of damage to the plaintiff. **Myers v. Robert Lewis Seigle, P.C**., 751 A.2d 1182, 1184 (Pa. Super. 2000).  The record from the equitable distribution proceedings in the Divorce Action submitted by Defendants with their preliminary objections precludes Plaintiff from proving two of these elements, negligence and damage caused by the alleged negligence.

The equitable distribution order divided Plaintiff's and his wife's marital property equally.  Divorce Action Equitable Distribution Order at 15.  Plaintiff's claim that Tinari did not present evidence concerning the marital real estate, vehicles, and financial assets is contradicted by the record.  The equitable distribution order shows that Tinari did in fact introduce appraisals and call witnesses who testified to the value of the properties and vehicles and that this evidence was considered by the court in its valuations.  **Id.** at 3-4, 9-10.  The equitable distribution order also shows that evidence was introduced concerning over 30 different bank accounts and IRAs owned by Plaintiff and his wife.  **Id.** at 6-8, 11-12.

Plaintiff's claim that Tinari was negligent in failing to persuade the court his disability pensions and benefits were not marital property is legally invalid. The Divorce Code does not exclude disability payments by Pennsylvania employers from marital property. *Drake v. Drake*, 725 A.2d 717, 723-26 (Pa. 1999). Such disability benefits are marital property if the right to payment accrued during the marriage. *Id.* at 723-27; *Yuhas v. Yuhas*, 79 A.3d 700, 705-06 (Pa. Super. 2013) (*en banc*) (when right to benefit accrued determines whether disability payment is marital property, post-separation disability payments are non-marital if right to payment requires post-separation recertification of continued disability). The record in the equitable distribution hearings shows that Plaintiff's disability pensions and benefits permanently accrued in 1996, during the marriage, and that Plaintiff is entitled to receive payments regardless of whether he is disabled. Defendants' Preliminary Objections Ex. E Disability Retirement Agreement at 1, 2 ¶2. Failure of an attorney to litigate a legally meritless position as a matter of law cannot support a legal malpractice claim. *McCartney v. Dunn & Conner, Inc.*, 563 A.2d 525, 528-30 (Pa. Super. 1989).

With respect to Plaintiff's claim that Tinari was negligent in failing to introduce evidence that Plaintiff was unable to work, Plaintiff testified in the equitable distribution proceedings that he was employed and the court found that this actual employment constituted his highest earnings capacity. Divorce Action Equitable Distribution Order at 1-2; N.T. Divorce Action

Equitable Distribution Hearings, 9/20/16, at 202. No introduction of additional evidence concerning Plaintiff's ability to work could therefore have affected the equitable distribution order.

Because Plaintiff's legal malpractice claims were based the equitable distribution proceedings in his Divorce Action and the record in those proceedings demonstrated that Plaintiff could not prove the malpractice claims that he asserted, the trial court did not err in sustaining Defendants' demurrer and dismissing Plaintiff's complaint. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/20