IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Darvin Hersh, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 81 M.D. 2023 |
| | : | |
| Department of Corrections State | : | |
| Dietitian; and Pennsylvania | : | |
| Correctional Industries, | : | |
| Respondents | : | Submitted: May 7, 2024 |

BEFORE: HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                            FILED: June 4, 2024

Petitioner Andrew Darvin Hersh (Hersh), who is currently incarcerated within our Commonwealth's prison system at the State Correctional Institution - Waymart (SCI Waymart), has filed a *pro se* Amended Petition for Review in the Nature of Mandamus (Amended Petition) in our original jurisdiction. Therein, Hersh alleges that Respondent Department of Corrections State Dietitian (State Dietitian) has violated the Eighth Amendment[1] by refusing to provide him with what Hersh asserts are medically necessary dietary supplements, as well as that the State Dietitian and Respondent Pennsylvania Correctional Industries (PCI) have engaged in a civil conspiracy by not stocking such supplements in the prison commissary. PCI and the State Dietitian (collectively Respondents) have responded to Hersh's claims by

---

[1] U.S. CONST. amend. VIII.

challenging the Amended Petition via preliminary objections. Upon review, we sustain those preliminary objections in part and dismiss the Amended Petition.

## I. Background

The relevant facts are as follows. On July 5, 2018, Dr. Joseph Whitlark, a physician whose practice is located in State College, Pennsylvania, diagnosed Hersh with schwannomatosis,[2] a rare disease that had caused a tumor to grow inside Hersh's throat and impinge upon his esophagus and vocal cords. Am. Pet., ¶¶20-21. Dr. Whitlark surgically removed this tumor roughly three weeks later, and followed up with an unspecified number of imaging scans, as well as injections that enabled

---

[2] According to the National Library of Medicine, which is part of the federal government's National Institutes of Health:

> Schwannomatosis is a disorder characterized by multiple noncancerous (benign) tumors called schwannomas, which are a type of tumor that grows on nerves. Schwannomas develop when Schwann cells, which are specialized cells that normally form an insulating layer around the nerve, grow uncontrollably to form a tumor.
>
> The signs and symptoms of schwannomatosis usually appear in early adulthood. The most common symptom is long-lasting (chronic) pain, which can affect any part of the body. In some cases, the pain is felt in areas where there are no known tumors. The pain associated with this condition ranges from mild to severe and can be difficult to manage. Other signs and symptoms that can occur with schwannomatosis depend on the location of the tumors and which nerves are affected. These problems include numbness, weakness, tingling, and headaches. The life expectancy of people with schwannomatosis is normal.
>
> Schwannomatosis is usually considered to be a form of neurofibromatosis, which is a group of disorders characterized by the growth of tumors in the nervous system.

*Schwannomatosis*, NAT. INSTS. OF HEALTH, https://medlineplus.gov/genetics/condition/schwannomatosis (last visited June 3, 2024). Hersh also avers that, according to the Mayo Clinic, schwannomas are normally benign but are capable of becoming cancerous. Am. Pet., ¶20 n.1.

Hersh to recover some usage of his left vocal cord (which had been affected by the aforementioned tumor and surgical procedure). *Id.*, ¶21.[3]

Subsequently, Hersh began purchasing a nutritional supplement known as "Carnation Breakfast Essentials" from SCI Waymart's commissary; according to Hersh, this product allowed him "to function at a much higher level" and noticeably decreased the severity of schwannomatosis' side effects. *Id.*, ¶22. Hersh's habit came to a sudden halt on October 17, 2022, when PCI became SCI Waymart's commissary vendor and ceased offering a number of previously available products, including Carnation Breakfast Essentials. *Id.*, ¶7. Shortly thereafter, on October 21, 2022, Hersh asked SCI Waymart's medical staff to consider providing him with a replacement dietary supplement, whereupon the staff passed Hersh's request on to the State Dietitian. *Id.*, ¶¶8-9. The State Dietitian denied this request the following day, noting that Hersh "appears to be adequately nourished and capable of maintaining nutritional status[,]" while also stating that they had "[r]eviewed the literature for nutritional implications/management of schwannomatosis [and] could not find any evidence-based guidelines regarding the nutritional management of this condition." *Id.*, ¶9, Ex. A. Hersh then sought to have SCI Waymart's medical staff both disregard the State Dietitian's denial and provide him with (or allow him to purchase) such supplements, after which he unsuccessfully grieved the medical staff's failure to do so. *Id.*, ¶¶10-15.

Unable to secure relief administratively, Hersh then turned to legal action, filing a "Petition for Review in the Nature of Mandamus" (Original Petition) in our Court against the State Dietitian on February 14, 2023. Thereafter, on April 11, 2023, SCI Waymart's inmates received notice that Carnation Breakfast Essentials would

---

[3] Hersh does not make clear in his Amended Petition whether he was already incarcerated when this surgery and the subsequent treatment procedures took place.

3

once again be available for purchase through the facility's commissary, beginning on April 13, 2023. *Id.*, ¶36, Ex. J. Hersh then attempted to purchase this product at least two times over the following two weeks, only to be informed on both occasions that it was out-of-stock. *Id.*, ¶¶36-37, Ex. K.

This state of affairs prompted Hersh to file his Amended Petition with our Court on May 11, 2023. Therein, Hersh argues that the State Dietitian violated the Eighth Amendment by denying Hersh's request for Carnation Breakfast Essentials or an equivalent product, and thereby depriving him of a diet that is medically sufficient for those who suffer from schwannomatosis. *Id.*, ¶¶23-31. He also asserts that the purported return of Carnation Breakfast Essentials to SCI Waymart's commissary is a sham, as it is not actually available for purchase; in Hersh's view, this is instead proof of an unlawful civil conspiracy between PCI and the State Dietitian to render moot his Original Petition without actually enabling him to obtain his desired nutritional supplements. *Id.*, ¶¶34-40. Accordingly, Hersh requests that we grant him mandamus relief that directs the State Dietitian to (a) provide him with a nutritional supplement that adequately treats his schwannomatosis symptoms; (b) consult with a "neurology[-]based dietitian, oncologist, or neuro-oncologist when asked [by an inmate] to provide a nutritional supplement for conditions that [either] qualify as 'cancer' or can lead to cancer"; and (c) revise DC-ADM 610, the Pennsylvania Department of Corrections' (DOC) policy statement governing food services at its carceral facilities, to expressly require such consultation. *Id.*, ¶¶32-33, Wherefore Clause. Furthermore, he asks us to permanently enjoin PCI from removing Carnation Breakfast Essentials as a commissary offering at SCI Waymart. *Id.*, ¶40, Wherefore Clause.

Respondents then filed preliminary objections, to which Hersh subsequently responded in opposition thereto. As such, Respondents' preliminary objections are ready for disposition.

## II. Discussion

We summarize Respondents' arguments as follows. First, Hersh has not pled a legally viable mandamus claim, as the Amended Petition's averments neither facially establish that the State Dietitian violated the Eighth Amendment by denying Hersh's dietary supplement request, nor that Respondents unlawfully conspired to render moot his ability to use this lawsuit to challenge that denial. Br. in Support of Respondents' Prelim. Objs. at 7-16. Second, Hersh failed to articulate a legally valid basis for permanently enjoining PCI from removing Carnation Breakfast Essentials as an offering at SCI Waymart's Commissary. Br. in Support of Respondents' Prelim. Objs. at 16-18. Finally, insofar as Hersh purports to challenge DC-ADM 610, his claims lack the requisite level of legal specificity. *Id.* at 18-19. Accordingly, Respondents ask that we dismiss the Amended Petition with prejudice. *Id.* at 20.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted.

5

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). Furthermore, "courts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

Turning to mandamus, it constitutes "an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) (citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)); *accord Allen*, 103 A.3d at 370 ("Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases."). Additionally,

> while a court may [use a writ of mandamus to] direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act. The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error.

*Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (cleaned up). Though a writ of mandamus can be used "to compel a governmental body to perform a discretionary act where its duty to perform that act is mandated by the law, and the body has refused to perform the act based upon an erroneous interpretation of the law[,]" it cannot serve to "compel a body vested with discretion to exercise that discretion in a certain manner or to arrive at a particular result." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997). Furthermore, mandamus is not a legally valid mechanism for securing equitable relief and cannot be used "to establish what [a petitioner's] rights are and to fashion relief accordingly." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1043 (Pa. Cmwlth. 2014).

As for the Eighth Amendment, an inmate may certainly pursue a claim against the government that is rooted in allegations that they have not been given constitutionally adequate medical care, such that they have suffered cruel and unusual punishment as a result; however, the bar they must clear to succeed on this kind of claim is set extremely high. As we explained in *Tindell*:

> The United States Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104 (internal citations omitted).

> The [*Estelle*] Court clarified that claims of negligent diagnosis or treatment, disagreement as to the course of treatment, and medical malpractice do not rise to the level of a constitutional violation merely because the patient is a prisoner. *Id.* at 106. Rather, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend the 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*

Whether the medical need of an inmate is sufficiently serious to constitute an injury amounting to cruel and unusual punishment is an objective inquiry. *Id.* at 106-107; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Common factors relied upon by the courts to determine if a medical need is sufficiently serious to fall within the ambit of the Eighth Amendment include whether the medical need is: (i) one that has been diagnosed by a physician as requiring treatment; (ii) one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention; (iii) one where denial or delay of treatment causes an inmate to suffer a life-long handicap or permanent loss; (iv) one where denial or delay of treatment results in unnecessary and wanton infliction of pain; (v) one that significantly affects an individual's daily activities; or (vi) one that causes chronic and substantial pain. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987).

The medical need alleged does not need to be current to satisfy the sufficiently serious standard, but may result from a condition of confinement that is sure to or very likely to pose an unreasonable risk of serious damage to future health. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 35 (1993) (Eighth Amendment claim could be premised upon future harm to health from exposure to environmental tobacco smoke). To establish a sufficiently serious medical need where the claim is based upon harm to future health, an inmate must allege both that the inmate has been exposed to an unreasonable risk of serious damage to future health and that it would violate contemporary standards of decency to expose anyone unwillingly to such a risk. *Id.* at 36.

In addition to satisfying the objective component of an Eighth Amendment claim, a prisoner must also allege acts or omissions that evidence deliberate indifference on the part of prison officials in order to state a cognizable claim that the prisoner's constitutional right to be free from cruel and unusual punishment has been violated. In *Farmer*, the Supreme Court concluded that the inquiry into whether a prison official was deliberately indifferent is a subjective one, requiring the demonstration of a state of mind akin to

8

criminal recklessness, and held that a prisoner must establish that: (i) the prison official knew of and disregarded an excessive risk to inmate health or safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference. 511 U.S. at 837, 840. The [*Farmer*] Court also emphasized that the duty of a prison official under the Eighth Amendment is to ensure reasonable safety and that prison officials who respond reasonably to the alleged risk cannot be found liable under the Eighth Amendment, even where the measures taken by prison officials failed to abate the substantial risk. *Id.* at 844-45. Examples of circumstances where a prison official has been found to act with deliberate indifference include where the prison official: (i) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (ii) delays necessary medical treatment based on a non-medical reason; (iii) prevents a prisoner from receiving needed or recommended medical treatment; or (iv) persists in a particular course of treatment in the face of resultant pain and risk of permanent injury. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999); *Monmouth Cnty.*, 834 F.2d at 346-47.

87 A.3d at 1038-40 (cleaned up).

In this instance, Hersh has satisfied the objective prong of this test, but not the subjective one. According to Hersh, he suffers from a rare tumor-causing ailment, one that is chronic and has already necessitated major surgery as a consequence of its progression. *See* Am. Pet., ¶¶20-21. Had Hersh not undergone this surgery, the tumor in his throat would have continued to "crush[] [his] vocal cords and esophageal passages, [and] complete[ly] block[] the cardiovascular blood vessels that supply [his] heart and lungs." *Id.*, ¶20. Taking his averments as true, we conclude that Hersh has certainly established that treatment of his schwannomatosis constitutes a serious medical need. He also avers, however, that the State Dietitian denied his dietary supplement request because Hersh "appear[ed] to be adequately

9

nourished and capable of maintaining nutritional status" at that point, as well as because the State Dietitian had not found "evidence-based guidelines regarding the nutritional management of this condition." *Id.*, ¶9, Ex. A. Furthermore, Hersh fails to assert that a medical professional had directed him to consume a nutritional supplement in order to treat schwannomatosis and/or its symptoms and side effects. Instead, it appears that Hersh elected to regularly consume Carnation Breakfast Essentials on his own initiative. Given this, we cannot conclude on the facts alleged that the State Dietitian evinced deliberate indifference to Hersh's schwannomatosis, or that the State Dietitian violated Hersh's Eighth Amendment-based rights.

Nor can we conclude that Hersh has pled facts that facially establish the existence of an unlawful civil conspiracy.

> Civil conspiracy occurs where two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means. To state a cause of action for conspiracy, the [petition for review] must allege the following: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of common purpose; and (3) actual legal damage. A [petition for review] alleging civil conspiracy must allege facts showing the existence of all the elements, and if the [petitioner] is unable to allege facts that are direct evidence of the combination and its intent, he must "allege facts that, if proved, will support an inference of the combination and its intent.

*Brown v. Blaine*, 833 A.2d 1166, 1173 n.16 (Pa. Cmwlth. 2003) (cleaned up). "No civil cause of action for conspiracy can exist unless the conduct that was the subject of the conspiracy is actionable [and,] absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Morley v. Farnese*, 178 A.3d 910, 919-20 (Pa. Cmwlth. 2018) (cleaned up). Hersh's position

10

that Respondents civilly conspired against him is predicated upon his aforementioned insistence that the State Dietitian violated his Eighth Amendment-based rights. *See* Am. Pet., ¶¶34-40. Thus, as his assertions regarding the Eighth Amendment are insufficient as a matter of law, so too are those pertaining to the alleged conspiracy between PCI and the State Dietitian. *Morely*, 178 A.3d at 919-20.

It follows, then, that Hersh has failed to adequately state claims for mandamus or permanent injunctive relief. As noted *supra*, a writ of mandamus may issue only in the event the petitioner's right to relief is clear. *Cooper*, 363 A.2d at 815. The same requirement applied to permanent injunctions as well. *See Kuznik v. Westmoreland Cnty. Bd. of Comm'rs*, 902 A.2d 476, 489 (Pa. 2006) (quoting *Harding v. Stickman*, 823 A.2d 1110, 1111 (Pa. Cmwlth. 2003) ("To justify the award of a permanent injunction, the party seeking relief 'must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested.'"). Hersh has failed to facially show that his right to mandamus or injunctive relief is clear, as, to reiterate, the facts he avers in his Amended Petition do not establish that the State Dietitian violated the Eighth Amendment or that Respondents engaged in an unlawful civil conspiracy against him. Therefore, we sustain Respondents' demurrers to both claims.[4]

---

[4] Given our disposition of this matter in Respondents' favor, we decline to reach the merits of their preliminary objection through which they challenged the specificity of Hersh's allegations regarding DC-ADM 610.

11

## III. Conclusion

In light of the foregoing analysis, we dismiss the Amended Petition with prejudice.[5]

ELLEN CEISLER, Judge

---

[5] We stress that our decision in this matter should not be construed as precluding Hersh from seeking future legal relief regarding the treatment he receives for schwannomatosis while in DOC custody, should his request for such relief be predicated upon alleged deficiencies that are different than those pled in his Amended Petition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Darvin Hersh,        :
          Petitioner      :
                           :
     v.                     : No. 81 M.D. 2023
                           :
Department of Corrections State   :
Dietitian; and Pennsylvania       :
Correctional Industries,         :
          Respondents   :

# **O R D E R**

AND NOW, this 4th day of June, 2024, upon consideration of Respondents' Department of Corrections State Dietitian and Pennsylvania Correctional Industries' (collectively Respondents) preliminary objections to Petitioner Andrew Darvin Hersh's (Hersh) Amended Petition for Review in the Nature of Mandamus (Amended Petition), and the response thereto, it is hereby ORDERED:

1. Respondents' demurrers to Hersh's claims are SUSTAINED; and

2. The Amended Petition is DISMISSED WITH PREJUDICE.

ELLEN CEISLER, Judge